## MOBLEY *v.* LOTT.

1. Where one enters into a contract wherein he agrees to sell and convey a certain parcel of land, and commits a breach of the contract by refusal to perform, or by doing that which renders performance on his part impossible, the purchaser can maintain his action for damages for such breach, and may recover an amount equal to the difference between the value of the land when the contract was broken and the contract price thereof.

2. A petition is not demurrable because it fails to allege that the contract declared upon was in writing, though such contract is within the statute of frauds.

Submitted July 18, 1906.—Decided February 14, 1907.

Action on contract. Before Judge O'Steen. City court of Douglas. November 23, 1905.

Mobley brought an action against Lott for a breach of contract. The petition alleges, in substance, that about November 1, 1904, petitioner and defendant entered into a contract for the sale of a certain tract of land by petitioner to defendant, for $900, of which $300 was to be paid in cash, and that upon receipt of said $300 the defendant would execute to petitioner a bond for titles, binding defendant to make deeds to him on payment of the balance of the purchase-price; that about the 9th day of the same month, petitioner paid to defendant the said $300, which was accepted by the latter as the cash payment upon said land; that upon the receipt of said money the defendant agreed to meet petitioner on a certain day and execute the bond for titles as previously agreed, but that the defendant failed and refused to execute and deliver said bond for titles, and thereafter, without the consent of petitioner, sold said land to another person, for $2,000, which was its actual value; wherefore petitioner was injured and damaged by defendant in the sum of $1,100. The petition alleged several additional items of damages, which it is unnecessary to set out. The defendant demurred generally to the petition, the demurrer was sustained, and the plaintiff excepted.

*Quincey & McDonald,* for plaintiff.

*Lankford & Dickerson,* for defendant.

BECK, J. (After stating the facts.) 1. The defendant did not attack any particular portion of the plaintiff's petition by special demurrer, but was content to test the plaintiff's case by a general demurrer, based upon the grounds, (1) "that there is no cause of action alleged, and that under the allegations of plaintiff's petition, he is not entitled to recover of or from this defendant any amount whatever," and (2) "that the damages therein sought to be recovered from this defendant are too remote and speculative." Thereupon it was ordered and adjudged by the court that the "foregoing demurrer be sustained upon each and every ground therein contained, and because the petition of the plaintiff does not allege that said contract set up in said petition was reduced to writing so as to take said case out of the statute of frauds." The court erred. The petition did state a cause of action. The damages claimed were not too remote. The fact that the petition failed to allege that the contract, the breach of which is relied upon as the foundation of the suit, was in writing, can not be taken advantage of by demurrer. Where one enters into a valid contract for the sale of lands to another and commits a breach of that contract by denying his obligations under it and refusal to perform or by disposing of the property so as to render the performance of his obligation impossible, he becomes liable to the other party to the contract for damages flowing from the breach. In the present case the defendant had contracted to sell to the plaintiff the lands described in the petition. Before performance, he had sold and conveyed the same land to a stranger, thereby rendering performance upon his part impossible. *Cooley* v. *Moss,* 123 *Ga.* 707; 7 Am. & Eng. Enc. of Law (2d ed.), 149 (5).

If the allegations in the petition are true, and they are to be so taken as against the demurrer, the plaintiff had a profit of $1,100 in his bargain. That sum represents the difference between the market value of the land and the price at which he had contracted to buy; and that sum is the measure, under the pleadings, of the injury and damage sustained by the plaintiff by reason of the defendant's failure to fulfill his obligation under the contract. The law aims to place the injured party, so far as money can do it, in the position he would have occupied if the contract had been ful-

filled. Such is the rule as recognized in this State. Our attention has not been called to any case decided by this court in which the rule has been relaxed, though in other jurisdictions it appears to have been. *Irwin* v. *Askew,* 74 *Ga.* 581; 2 Sutherland on Damages (3d ed.), §§ 578-581.

2. The rule contained in the second headnote is so well settled that elaboration and discussion thereof is entirely unnecessary. *Ansley* v. *Hightower,* 120 *Ga.* 719.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*