27384. BEAULLIEU *v.* ATLANTA TITLE & TRUST COMPANY.

DECIDED JULY 12, 1939. REHEARING DENIED JULY 20, 1939.

*Mitchell & Mitchell, Roy S. Drennan, Roland Neeson*, for plaintiff.

*Tye, Thomson & Tye*, for defendant.

STEPHENS, P. J.   C. B. Beaullieu brought suit against Atlanta Title & Trust Company for an alleged breach of a contract of title insurance, to the plaintiff's damage. In the petition plaintiff alleges that he bought from B. P. Hancock a certain described parcel of real estate in the County of Fulton, State of Georgia, and contracted to pay therefor $8000; that the defendant, on March 18, 1937, for a consideration of $60 paid to it, issued to the plaintiff its title guaranty policy by which it insured the plaintiff against all loss or damage, not exceeding $7000, which the plaintiff should sustain by reason of any defect or defects of title affecting the property which the plaintiff had contracted to purchase; that the plaintiff entered into possession of the land, and, after proceeding to build thereon a house early in the month of March, 1937, he ascertained that Mrs. Hal Padgett had an easement in and over the property; that plaintiff notified the defendant of this fact; that the defendant admitted the validity of the easement and requested the plaintiff to allow it to bring suit in the plaintiff's name against Hancock in order to minimize the damage which the plaintiff had sustained; that the plaintiff agreed to this; that on the date of the issuance of the policy the true market value of the property, if unencumbered by the easement, was $15,000; that on this date the true market value of the property encumbered by the easement was $5000, and that in order to extinguish the easement plaintiff would be obliged to purchase the land to which the easement is appurtenant at a cost of $50,000.  The plaintiff alleges that the defendant has, on demand of the plaintiff, failed and refused to pay the loss which the plaintiff sustained by the easement upon the property, to the plaintiff's damage of $7000, for which the plaintiff prays.

The defendant filed no general demurrer to the petition, but specially demurred thereto on the ground, among others, that the

allegation as to the market value of the property was irrelevant and immaterial, and that the plaintiff in alleging his damage to be the difference between the market value of the property, namely $15,-000, without the easement or encroachment thereon, and the value with the easement or encroachment thereon, namely $5000, alleged the wrong measure of damage by reason of the defendant's breach of its contract of title insurance, and that the correct measure of the plaintiff's damage is the difference between the purchase-money of the property, namely $8000, and the market value of the property with the easement or encroachment thereon. The defendant also specially demurred to the allegations in the petition that before the purchase of the land the plaintiff had been engaged in the business of selling building supplies; that the land purchased was adapted to the plaintiff's business, and what land of this character would cost. The court in an order dated Oct. 19, 1938, sustained all these demurrers and gave the plaintiff twenty days in which to amend by alleging damages "in reduction of the price paid according to the relative value of the interests lost," citing Code, § 29-202, and in default of such amendment that the petition should stand dismissed. Before the expiration of the twenty days the court, on Nov. 3, 1938, passed a subsequent order amendatory of the former order which provided that the case should not stand dismissed in default of an amendment to the petition until ten days after the remittitur from the appellate court has been made the judgment of the trial court. Plaintiff did not amend the petition, but on the date of the passage of the second order, Nov. 3, 1938, tendered and had certified a bill of exceptions, excepting to the judgment sustaining the special demurrers.

The court properly sustained the special demurrers except the two which are first above referred to. The sole question for determination is what is the plaintiff's measure of damage for the defendant's breach of its contract of title insurance. The plaintiff contends that the measure is the difference between the true market value of the land, as it would be without the easement upon it, and the true market value of the land encumbered with the easement. The defendant contends that the true measure of damage is the difference between the purchase-price of the land and the market value of the land with the easement upon it. The suit is against the title insurer and not against the vendor for breach of warranty.

In respect to a breach of covenant in a deed to land by the covenantor or vendor it is stated in 14 Am. Jur. 604, § 186, as follows: "Where an encumbrance is a servitude or easement which can not be removed at the option of either the grantor or grantee, damages will be awarded for the injury proximately caused by the existence and continuance of the encumbrance, the measure of which is deemed to be the difference between the value of the land as it would be without the easement and its value as it is with the easement. This is the rule applicable where the covenant against encumbrances is broken by the existence, at the time of the execution of the deed, of a continuing right of way over the land granted, in favor of a third person, which materially affects the value of the land." The plaintiff alleges the existence of a servitude or easement upon his property which can not be removed either at his option or at the option of the grantor or the defendant. It can be removed only by agreement with the owner of the dominant tenement.

For a breach by a vendor of a contract for the sale of land the measure of damage to the vendee is an amount equal to the difference between the value of the land when the contract was broken and the contract price. *Mobley* v. *Lott,* 127 *Ga.* 572 (56 S. E. 637). In 2 Sutherland on Damages (4th ed.), § 669, it is stated: "A loss of property through a want of title is precisely the same to the vendee as a loss of it because the vendor fails to deliver, and the latter, by violating his contract, is the cause of the loss in either case. The value of the property at the time the vendee is dispossessed has been held to be the measure of damages." This is the rule with reference to personalty. As to realty where there is an outstanding easement of a permanent nature, see 2 Sutherland on Damages (4th ed.), §§ 627, 628.

As stated by the Supreme Court of this State in *Mobley* v. *Lott,* supra, "The law aims to place the injured party, so far as money can do it, in the position he would have occupied if the contract had been fulfilled. Such is the rule as recognized in this State." In City of New York *v.* New York & South Brooklyn etc. Co., 231 N. Y. 18 (16 A. L. R. 1059), the defect in the title was a servitude on the land, and the court held that the measure of damages for a breach of warranty was the difference between the value of the land without the servitude and the value of the land with the

servitude, or the money reasonably expended by the owner in freeing the land by extinguishing the burden. The decrease in the market value of the land may usually be taken as a proper criterion by which to measure the damages caused by the existence of an easement. Notes 3 L. R. A. 790; 61 A. L. R. 72, 73, 75; 100 A. L. R. 1199; Bronson *v.* Coffin, 108 Mass. 175.

A contract of title insurance is an agreement whereby the insurer, for a valuable consideration, agrees to indemnify the assured in a specified amount against loss through defects of title to real estate, wherein the latter has an interest, either as purchaser or otherwise; a contract to idemnify against loss through defects in the title to real estate or liens or encumbrances thereon. 62 C. J. 1053, § 1. Whatever may be the rule as to the measure of damages in a suit by a vendee against the vendor of land with reference to a breach of warranty of title, and by the Code, § 29-202, which refers to the measure of damages against the vendor of realty where the vendee looses a part of the land from a defect in the title warranted, the measure of damage for a breach by an insurer under a policy insuring the title against encumbrances or encroachments is the difference between the value of the property when purchased with the encumbrance or encroachment thereon, and the value of the property as it would have been if there had been no such encumbrance or encroachment. 62 C. J. 1070, § 103. The rule as laid down in Glyn *v.* Title Guarantee & Trust Co., 132 App. Div. 859 (117 N. Y. S. 424), is that, for a breach of the policy, the insured who purchased the property to which the title was insured by the insurer "is entitled to recover the difference between the value of the property when purchased, as it was with the encroachments, and its value as it would have been if there had been no such encroachments." The court erred in sustaining the demurrers directed to the allegations as to the measure of damage.

*Judgment reversed. Sutton, J., concurs. Felton, J., dissents.*