51697. BLACK et al. v. PIONEER NATIONAL TITLE INSURANCE COMPANY.

BELL, Chief Judge.

The defendant insurer's motion for summary judgment was granted in this suit to recover on a title insurance policy.

These facts are not disputed. Plaintiffs purchased a tract of land and defendant issued a title insurance policy. The policy provided that plaintiffs were insured against loss or damage by reason of: "1. Title to the estate or interest described in Schedule A being vested otherwise

than as stated therein; 2. Any defect in or lien or encumbrance on such title"; Schedule A stated: "2. The estate or interest in the land described or referred to in this schedule covered by this policy is fee simple and is vested in the insured [plaintiffs]. . ." Attached to Schedule A was a detailed description of the property which contained the following: "Less and except that portion of said property embraced within the bounds of Interstate Highway No. 26 and subject to right-of-way easement of Westvaco Corp. crossing said property and a dirt road adjoining said property; being Tracts 1, 2, 3 and 4 all as more fully shown on a survey prepared by John F. Murphree, R.L.S. No. 2553, dated June 30, 1969, and entitled "Plat of Land, Property of R. Molinaroli Estate." Also attached to the policy was a Schedule B which provided in part: "This policy does not insure against loss or damage by reason of the following: . . .3. 100' right-of-way granted to J. F. Prettyman by deed recorded in Deed Book A-49 at page 263 and shown on plat recorded in Plat Book V at page 55 in the Office of the Clerk of Court for Berkeley County, S. C." The plat of the entire tract of land which is in the record depicts the 100 foot strip as bisecting it into two halves, and denotes it as the "Westvaco Corp. right-of-way." After the purchase of the property and the issuance of the insurance policy plaintiffs while negotiating the sale of the land to third parties learned that the 100 foot "right-of-way easement" of Westvaco Corporation was not an easement, but was owned by Westvaco in fee simple. Plaintiffs purchased the Westvaco interest and brought suit to recover for this loss in curing the defect in their title to the land. *Held:*

1. The parties to this suit apparently are in agreement that the "right-of-way" referred to as being vested in the Westvaco Corporation in Schedule A and in J. F. Prettyman in Schedule B are one and the same. The defendant argues that it is obvious by the provisions of Schedule B that defendant did not insure plaintiffs' title to any property in which Westvaco had any interest. An insurance contract that is clear and unambiguous must be enforced by the court as made. *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579, 584 (168 SE2d 171). The policy in this case is unambiguous. The contract insured

that plaintiffs had a fee simple title to one large tract of land, not two separate tracts. Schedule B excepts loss or damage by reason of the 100 foot "right-of-way" or "easement." Plaintiffs' loss very plainly did not arise by reason of the fact that the third party, Westvaco, had only a right-of-way or easement in the tract. Plaintiffs' loss arose from the fact that they did not acquire a fee simple title to a single tract as stated in the policy. This loss was covered under the policy terms.

2. Having concluded that plaintiffs' loss was covered by the policy, there remains another issue. The policy provides: "No claim shall arise or be maintainable under this policy . . . (c) for liability voluntarily assumed by an insured in settling any claim or suit without prior written consent of the Company." Defendant contends that plaintiffs have not complied with this requirement of the policy. It is not disputed that plaintiffs purchased the Westvaco interest and there was no written consent. But the record reveals that there is a material factual dispute that defendant orally consented to the settlement and thus waived this contractual provision which it can do. *Jones v. Pacific Mut. Life Ins. Co.*, 57 Ga. App. 16 (195 SE 249).

It was error to grant the motion for summary judgment.

*Judgment reversed. Clark and Stolz, JJ., concur.*

ARGUED JANUARY 13, 1976 — DECIDED FEBRUARY 17, 1976 — REHEARING DENIED MARCH 16, 1976 —

*Jones & Barnwell, Taylor W. Jones, C. Cyrus Malone,* for appellants.

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, Jr., J. M. Crawford,* for appellee.