## 31870. BUTLER v. BUTLER.

Ingram, Justice.

A divorced wife appeals from an adverse ruling in a contempt case she filed against her former husband in DeKalb Superior Court. It is based on a provision in the

jury's verdict which was made a part of the final divorce decree.

The pertinent paragraph of the jury's verdict provided that: *"Beginning the year 1975,* Mrs. Butler . . . shall receive one-eighth (1/8) of the gross earnings, which Mr. Butler receives, over $15,000.00 annually . . . The calculation of the $15,000 base shall be made on a calendar year basis and the 1/8 of the excess over $15,000 shall be paid when and as it is received by Mr. Butler." (Emphasis supplied.) Mrs. Butler was also awarded periodic alimony payments commencing December 1, 1975. The jury's verdict was dated 12 Nov. 1975.

On or about February 28, 1975, Mr. Butler received some money above $15,000 in additional commissions payable for sales made by Mr. Butler during the year 1974 and earned by him for that year. The trial judge ruled that the sums earned by Mr. Butler for the 1974 sales, although not received by him until 1975, were not covered by the jury's verdict requiring 1/8 of all sums earned above $15,000 to be paid to Mrs. Butler.

We affirm the trial court as we agree with his construction of the jury's verdict. It is evident from the language used by the jury that the provision for 1/8 of Mr. Butler's earnings above $15,000 to be paid to Mrs. Butler was intended to become effective with sums earned for 1975 and to continue for each calendar year thereafter until terminated as provided by law. See Code Ann. § 110-105.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents.*

Submitted January 25, 1977 — Decided January 28, 1977.

*Arthur P. Tranakos,* for appellant.

*Webb, Parker, Young & Ferguson, Guy Parker,* for appellee.

Hill, Justice, dissenting.

In its verdict dated November 12, 1975, the jury provided that "Beginning the year 1975, Mrs. Butler . . . shall receive one-eighth (1/8) of the gross earnings which

Mr. Butler receives, over $15,000 annually, from employment to include salaries, wages, commissions, bonus, fees, profit sharing, or any other remuneration of this kind. The calculation of the $15,000 base shall be made on a calendar year basis and the 1/8 of the excess over $15,000 shall be paid when and as it is received by Mr. Butler."

The majority finds that the sums earned by Mr. Butler on sales in 1974, although not received by him until 1975, were not covered by the jury's verdict. The majority emphasizes by repetition the word "earned." Unfortunately, the jury did not use the word "earned"; the jury used the words "receive," "receives" and "received."

On appeal, the former husband has argued (and the majority apparently has agreed) that because the sum above $15,000 was received by Mr. Butler in February 1975 and the jury could have computed a specific sum to be awarded to Mr. Butler by its subsequent November 1975 verdict, the jury must not have intended to include within its formula that specific sum of which the jury already had knowledge. This argument overlooks the fact that the jury chose to use a formula applicable over a number of years but "Beginning the year 1975. . ."

The majority has rewritten the verdict to read "Beginning the year 1976," and I dissent.