### 55172, 55173. BAKER MORTGAGE CORPORATION v. HUGENBERG et al.; and vice versa.

BELL, Chief Judge.

This is a suit to recover for the breach of a loan commitment contract. The trial court granted plaintiffs' motion for partial summary judgment on the issue of liability, leaving the issue of damages for trial and defendant appeals. Plaintiffs have cross appealed because the trial court earlier set aside an order granting them a summary judgment.

*The Main Appeal.* Plaintiffs were desirous of obtaining a $220,000 loan. On January 14, 1977, the parties executed a loan commitment agreement which provided in part:

". . . your loan has been approved subject to the following terms and conditions . . .

"2. Security: Land and buildings located at 4967 Roswell Road in Atlanta, Georgia . . .

"7. Closing Documents: Normal Baker Mortgage Corporation closing documents . . ."

Following this and the payment and acceptance of a $2,200 commitment fee to defendant, title examination disclosed that a portion of a building on the land offered as security encroached on a 25′ right-of-way conveyed in 1946 to Fulton County. A vice president of the defendant corporation on February 15, 1977, advised plaintiffs by letter, as follows: ". . .until clear title can be effected or some other satisfactory arrangement concerning this encroachment be made with our company, we will be unable to fund the loan." According to the affidavits of both plaintiffs, the defendant, for purposes of satisfying this objection, required them to obtain a title insurance policy which would insure against any loss or damage by reason of the encroachment. A title insurance policy in defendant's favor with this coverage was obtained

effective February 24, 1977. On March 3, 1977, an indemnity bond in the amount of the loan and in favor of the title company also was executed by the plaintiffs. On the same date a closing was held in the offices of defendant's attorneys. Plaintiffs executed all closing documents presented, to include an indemnity bond, real estate note, a security deed, conditional assignment of rents, waiver of borrowers' rights, and the final closing statement. The defendant has not disputed any of the foregoing. Defendant has not made the loan or refunded the commitment fee. In opposition to the motion for summary judgment, it submitted affidavits in which the affiants state that plaintiffs have not met a condition precedent to its performance in that "normal Baker Mortgage closing documents require that the borrowers (i.e. the plaintiffs) have good and marketable title in fee simple absolute in the property forming the security for the loan"; and since the plaintiffs have not shown fee simple title, defendant is excused from performing. The affidavits of defendant also state that the parties, in order to resolve the problem, agreed to close in escrow and to submit the loan request to another lender and that the latter had rejected the loan. *Held:*

1. We affirm. In construing a contract, words generally bear their usual and common signification. Code § 20-704(3). The term document has been defined as an instrument on which is recorded, by means of letters, figures, or marks, matter which may be evidentially used. Black's Law Dictionary, p. 568. The fact of having fee simple title in realty, as distinguished from a document of title, viz., a warranty deed, cannot reasonably be construed to fall within this common definition of document. A fact is intangible — a document is corporeal. At the very most, a construction of the contract in the manner advocated by defendant would be a doubtful one. It is undisputed that defendant drafted this contract. Where construction of a contract is doubtful, it is to be construed most strongly against the party who prepared it. *Davis v. Boyd,* 118 Ga. App. 198 (162 SE2d 880). We also note that paragraph 2 of the contract does not state explicitly that plaintiffs must have fee simple title to the property which was to be the security for this loan. If the

plaintiffs did not, as here, have fee simple title, they nonetheless have complied with this provision as written by executing a security deed conveying their interest in the property described. Under these facts and the applicable rules, plaintiffs have performed all conditions precedent. The evidence in defendant's affidavits containing its unwarranted connotation on the phrase "closing document" and its inclusion of details showing that the loan was closed in escrow pending submission to another lender can have no effect as these evidentiary matters merely attempt to unilaterally engraft parol matter into the original written contract which cannot be done. Code § 20-704 (1). *American Nat. Ins. Co. v. Lynch,* 49 Ga. App. 580 (1) (176 SE 546). The courts will not rewrite the contract.

2. *The Cross Appeal.* The cross appeal is moot by reason of our affirmance of the main appeal and is dismissed.

*Judgment affirmed in Case no. 55172; dismissed in Case no. 55173. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 18, 1978 — DECIDED MARCH 14, 1978 — REHEARING DENIED MARCH 31, 1978 — CERT. APPLIED FOR.

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch,* for appellant.

*Ralph C. McBride, Edward J. Magner,* for appellees.