## 58803. HENDERSON v. HENDERSON.

McMURRAY, Presiding Judge.

The parties in this action were formerly husband and wife. On March 5, 1976, during the pendency of divorce proceedings they entered into an agreement providing for a division of property, and support and maintenance of the wife which was later incorporated into the final judgment and decree of divorce. This is an action by the former wife for arrearages due under the agreement for the calendar year 1976 under that portion of the agreement providing for her support and maintenance. In her complaint the plaintiff alleged an arrearage of $5,978.43. At the trial before a jury the verdict was directed in favor of the plaintiff, and the court rendered judgment in favor of the plaintiff in the amount of $5,279.50. The defendant appeals and shows by his calculations that the arrearage would be substantially less.

The difference in the results of the calculations of the parties arises from a dispute as to whether all of the $19,675 which the defendant reported as income on his 1976 tax return from a small business corporation, Zachary W. Henderson & Associates, Inc., should be considered in calculating the defendant's liability under the agreement. The small business corporation in question (which has since been liquidated and its business continued as a proprietorship) was not on a calendar year but was on a different fiscal year, and the $19,675 in question was earned in the period from June 1, 1975, through May 31, 1976. Defendant, a cash basis taxpayer, contends that even though all of the $19,675 was received in 1976 for tax purposes and thus presumably actually or constructively received in 1976, only that portion which was earned in 1976 is to be used in calculating the defendant's obligation under the agreement. Defendant, for the purpose of calculating his liability under the agreement with his former wife, allocated a portion of the sum received from the corporation in 1976 to 1975 so that he would have no obligation as to those funds in 1976. *Held:*

1. The agreement states that for each calendar year the former wife shall receive 50% of the husband's gross

income for that year. For the purposes of the agreement gross income is defined to "include any and all income of the husband from whatever source derived, earned or unearned, without any deductions whatsoever."

The parties disagree as to the intended meaning of the phrase "earned or unearned." Defendant's accountant testified as to his construction of this phrase. Under the accountant's construction the gross income of the defendant (a cash method taxpayer) was to be recomputed as though he were an accrual method taxpayer for purposes of determining defendant's liability under the agreement. According to the accountant the accrual method calculations would result in the 1975 earnings of the small business corporation being considered as income to defendant in 1975 and thus not a portion of his income in 1976, the period in question. This testimony did not, however, amount to a statement that the phrase "earned and unearned" are technical words, or words of art, or used in a particular trade or business, so as to be construed in reference to this particular meaning and be explained by parol evidence. The accountant's testimony as to the construction of the phrase in question (construction of the agreement being a matter properly for the trial court) did not create any issue for the jury. Compare *Louisville & N. R. Co. v. Southern Flour &c. Co.,* 136 Ga. 538 (2) (71 SE 884).

In construing a contract words generally bear their usual and common signification. Code Ann. § 20-704 (2) (Ga. L. 1964, pp. 414, 415); *Baker Mtg. Corp. v. Hugenberg,* 145 Ga. App. 528, 529 (1) (244 SE2d 56); *Wolverine Ins. Co. v. Jack Jordan, Inc.,* 213 Ga. 299, 302 (99 SE2d 95). If the terms used are clear and unambiguous they are to be taken and understood in their plain, ordinary, and popular sense. *Wallace v. Virginia Surety Co.,* 80 Ga. App. 50, 52 (55 SE2d 259); *State Farm Fire &c. Co. v. Rowland,* 111 Ga. App. 743, 744 (143 SE2d 193). Dictionaries supply the plain, ordinary and popular sense. *Southern Guaranty Ins. Co. v. Duncan,* 131 Ga. App. 761, 764 (2) (206 SE2d 672). Webster's New International Dictionary (2d Ed.) defines "earn" as "1. To merit or deserve, as by labor or service; to do that which entitles one to (a reward, whether the reward is received or not...) 2. To acquire by labor, service, or performance; to deserve and receive as compensation..."

Thus, "earned income" is defined as "Income derived from wages, salaries, fees, etc." and "unearned income" as "Income from sources other than wages, salaries, fees, etc. . . ." Accordingly, "earned and unearned" as used in this agreement relates to that distinction between income derived from personal services and income derived from other sources, such as capital assets. There is no merit in defendant's contention that his liability under the agreement should be determined from a gross income figure determined by the accrual method of accounting.

2. In *Butler v. Butler,* 238 Ga. 292 (232 SE2d 562), a jury verdict made a part of a final divorce decree was construed so that in calculating the former husband's liability, personal service income earned in 1974 but received in 1975 (the year of the verdict in that case) was not included in gross earnings for 1975. Not only is there no language in the present agreement analogous to that emphasized in the *Butler* case, but the term construed in that case is "gross earnings," not "gross income," as used in the agreement in this case. These terms are not synonymous, and it is clear from the agreement that the gross income for each year under the agreement includes any and all income of the defendant. A cash basis taxpayer such as the defendant has income when it is actually or constructively received without regard to when it was earned. The defendant's tax return and the financial records of his corporation show clearly that all of the income from the corporation was received by defendant in 1976. *Butler v. Butler,* 238 Ga. 292, supra, is inapposite on the facts, and defendant's reliance on this case is incorrect.

3. Under the definition of gross income in the agreement, all of the $19,675 received by defendant in 1976 from the small business corporation must be included in calculating defendant's liability. After that portion of sums received from the corporation which had been allocated by defendant in 1975 is returned to 1976 gross income there remains no issue of fact as to whether defendant is in arrears in an amount at least as great as the amount of the judgment in the trial court.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 30, 1979 — DECIDED DECEMBER 5, 1979 — REHEARING DENIED DECEMBER 20, 1979.

*Thomas R. Campbell, Jr.*, for appellant.
*John A. Joh, III*, for appellee.