### UNITED STATES STEEL CORPORATION, Plaintiff,
### v.
### TURNER CONSTRUCTION COMPANY, Defendant.

### No. 82 Civ. 6747 (CLB).

United States District Court, S.D. New York.

April 13, 1983.

Roger S. Markowitz; Berman, Paley, Goldstein & Berman, New York City, for plaintiff.

Frederick Ellison, French, Fink, Markle & McCallion, New York City, for defendant.

### MEMORANDUM AND ORDER

BRIEANT, District Judge.

Pursuant to Rule 12(b)(1)(3) and (6), F.R. Civ.P., defendant Turner Construction Com-

---

pany ("Turner") moves to dismiss the complaint of plaintiff United States Steel Corporation ("U.S. Steel") in this diversity case, on the ground that plaintiff is required by contract to litigate this claim only in the Supreme Court of the State of New York, County of New York.

This litigation arises out of the construction of an office building for International Business Machines Corporation (the "IBM project") at 590 Madison Avenue, New York, New York. Pursuant to an agreement with IBM (the "prime contract"), Turner agreed to act as the general contractor for this construction project. On August 11, 1978, Turner and U.S. Steel, through its American Bridge Division, entered into a written sub-contract whereby U.S. Steel agreed to furnish, fabricate, deliver and erect structural steel for the IBM project.

After commencing work on the IBM project, U.S. Steel encountered extensive work related delays and disruptions, allegedly caused by Turner, and suffered substantial cost overruns. Other subcontractors on the project experienced similar delays. Despite these difficulties, U.S. Steel completed performance under the subcontract with Turner, and the quality of this work is not in issue here.

In April of 1981, U.S. Steel submitted a fully documented claim to Turner for the additional costs said to have been incurred as a result of the delays in construction. Over the next few months, despite the overtures of U.S. Steel, Turner refused to engage in discussions concerning this claim. Eventually, Turner informed U.S. Steel of its intent to include the claim of U.S. Steel in its own overall claim for extras to be submitted to IBM. Turner refused to permit U.S. Steel to participate in its subsequent negotiations with IBM. In March of 1982, despite the objections of U.S. Steel, Turner settled all outstanding claims on the project with IBM.

In subsequent negotiations between Turner and U.S. Steel, Turner has refused to supply U.S. Steel with a copy of the settlement agreement with IBM or to identify the amount of the settlement proceeds, if any, apportioned to the outstanding claim of U.S. Steel against Turner. In addition, Turner also refused to pay U.S. Steel the balance of the contract price due and owing.

As a result of these disputes, U.S. Steel commenced this lawsuit to recover the balance due under the subcontract as well as the additional costs incurred as a result of the defendant's alleged breach of the subcontract.

In support of this motion, Turner contends that the terms of the prime contract with IBM, specifically the forum selection clause set forth in Article 11 of the "General Conditions for Construction and Fitting-Up of IBM's Office Building" ("IBM General Conditions"), are incorporated by reference into the U.S. Steel subcontract obligating U.S. Steel to litigate all claims arising out of the subcontract in the New York Supreme Court, New York County. Turner asserts that if the forum selection clause is not enforced, it may be faced with the burden of simultaneously defending various lawsuits involving the same or similar issues in two or more different state and federal courts.

U.S. Steel asserts that it is not bound by the forum selection clause since it appears only in the prime contract and relates solely to disputes arising between IBM and Turner. U.S. Steel contends that only the prime contract terms which relate to the character and manner of the work to be performed by it as subcontractor are incorporated by reference into the subcontract. It argues that as a matter of New York contract law, all additional, unrelated provisions of the prime contract, such as the forum selection clause, are not incorporated into the subcontract and therefore not binding upon U.S. Steel.

The forum selection clause is set forth in Article 11 of the IBM General Conditions entitled "Monetary Claims and Demands Upon IBM." Article 11 provides in full:

"ARTICLE 11—Monetary Claims and Demands Upon IBM

11.1 Monetary claims and demands *upon IBM* arising out of this Contract or

in connection with the work, for any reason whatsoever, must be presented by the Contractor to IBM in writing, within 14 days from the date of first occurrence of the cause giving rise thereto.

11.2 All such monetary claims and demands presented by the Contractor must refer to this Article and shall be fully detailed and substantiated as to the nature and extent thereof, so as to permit prompt resolution.

11.3 The Contractor hereby expressly waives all such claims and demands whether oral or written, and the right to present claims and demands, which are not made upon IBM in the time and manner set forth in this Article.

11.4 The parties hereby agree that the proper venue of any *lawsuit arising out of this Contract or in connection with the work based on a claim by the Contractor,* shall be the Supreme Court of the State of New York, County of New York." (Emphasis added).

Turner contends that Article I and II of the subcontract agreement incorporate Paragraph 11.4 of this article into the subcontract. Article I of the subcontract requires U.S. Steel to perform all work "in accordance with the Plans, Specifications, General Conditions, Special Conditions and Addenda thereto ... and with the terms and provisions of the General Contract."

Article II of the subcontract states:

"ARTICLE II. The Plans, Specifications, General Conditions, Addenda and General Contract, hereinabove mentioned, are available for examination by the Subcontractor at all reasonable times at the office of Turner; all of the aforesaid, including this Agreement, being hereinafter sometimes referred to as the Contract Documents. The Subcontractor represents and agrees that it has carefully examined and understands this Agreement and the other Contract Documents, has investigated the nature, locality and site of the Work and the conditions and

difficulties under which it is to be performed, and that it enters into this Agreement on the basis of its own examination, investigation and evaluation of all such matters and not in reliance upon any opinions or representations of Turner, or of the Owner, or of any of their respective officers, agents, servants, or employees.

With respect to the Work to be performed and furnished by the Subcontractor hereunder, the Subcontractor agrees to be bound to the Owner and to Turner by each and all of the terms and provisions of the General Contract and the other Contract Documents, and to assume toward the Owner and Turner all of the duties, obligations and responsibilities that Turner by those Contract Documents assumes toward the Owner, and the Subcontractor agrees further that the Owner and Turner shall have the same rights and remedies as against the Subcontractor as the Owner under the terms and provisions of the General Contract and the other Contract Documents has against Turner with the same force and effect as though every such duty, obligation, responsibility, right or remedy were set forth herein in full. The terms and provisions of this Agreement with respect to the Work to be performed and furnished by the Subcontractor hereunder are intended to be and shall be in addition to and not in substitution for any of the terms and provisions of the General Contract and the other Contract Documents."

█ Under New York law, the application and relevant scope of a forum selection clause is determined by an objective consideration of the language of the provision, not the subjective, undisclosed intention of its draftsman. *City of New York v. Pullman, Inc.,* 477 F.Supp. 438, 442 (S.D.N.Y.1979). Courts which have construed similar contractual provisions have held under analogous factual situations that absent clear language to the contrary, similar incorporation clauses in a construction subcontract bind a subcontractor only to the prime contract provisions which relate to the scope,

quality, character and manner of the work to be performed by the subcontractor. Prime contract provisions unrelated to the work of the subcontractor, such as a "dispute" clause governing the resolution of monetary claims between the project owner and general contractor, are not incorporated by reference into a subcontract. *Washington Metropolitan Area Transit Authority v. Norair Engineering Corporation,* 553 F.2d 233, 235, (D.C.Cir.1977); *John W. Johnson, Inc. v. Basic Construction Company,* 429 F.2d 764, 775 (D.C.Cir.1970); *United States v. Fryd Construction Corporation,* 423 F.2d 980, 983 (5th Cir.1970); *Caldwell v. United States for John H. Moon,* 407 F.2d 21 (5th Cir.1969); *United States for the Use of B's Company v. Cleveland Electric Company,* 373 F.2d 585, 588 (4th Cir.1967).

■ Efforts of Turner to distinguish these cases are unavailing. Although in each instance the project owner was not a private party but a state or federal entity, each case considered whether a subcontract incorporated by reference a dispute clause contained in the prime contract. In addition, in each case like the present, the subcontractor was neither in privity with the project owner nor granted any rights under the prime contract. Here, plaintiff has no claim against IBM. Its claims do not "arise out of the [prime] contract" nor is this lawsuit "based on a claim by the [prime] Contractor" within the italicized portion of Article 11 of the prime contract, quoted *supra,* pp. 872–873. While IBM might have a legitimate purpose, in light of the New York Lien Law, especially § 3, in providing that the venue or forum selection clause should also apply to claims or demands of the subcontractor, it did not so provide. "If the purpose [were] to preclude [access to] a federal forum, explicit language [in the subcontract] to that effect would have foreclosed any issue on the matter." *City of New York v. Pullman, Inc., supra,* at 442. There is no forum selection clause in the subcontract and, as noted above, the incorporation by reference of the conditions of the prime contract does not, as a matter of construction, extend beyond the scope, quality, character and manner of performance of the subcontracted work.

Article 11 of the prime contract merely sets forth the administrative procedures to be followed by Turner in presenting and resolving its own monetary claims against IBM, arising under the prime contract. In this regard, it merely requires that if the parties fail to resolve a claim amicably, any subsequent litigation must be commenced in the court specified. On its face, Article 11 applies only to claims asserted by Turner, on its own behalf, against IBM.

The subcontract itself contains no express reference either to Article 11 of the prime contract, or the forum selection clause contained therein. However, the subcontract does incorporate expressly Article 6 of the IBM General Conditions, which establishes the method of payment. Neither Article 6 nor 11 are related to the scope, quality, character or manner of the work performed by U.S. Steel. Had the parties intended Article II of the subcontract to incorporate *all* of the provisions of the prime contract, as is now asserted by Turner, the express incorporation of Article 6 of the IBM General Conditions would not have been necessary. The express incorporation of this clause and the absence of any similar express provision concerning Article 11, suggests the parties did not intend to incorporate the forum selection clause into the subcontract, or that if Turner did so intend, it did not communicate its intention to U.S. Steel.

Therefore, plaintiff is not required to bring this action only in the Supreme Court of the State of New York, County of New York. Notwithstanding the possibility that the defendant may be forced to defend similar or related lawsuits in different forums, this lawsuit is properly before this Court.

The motion is denied.

Counsel for the parties shall hold an office conference at their earliest convenience to ascertain and if possible agree upon any necessary pre-trial discovery. A pre-trial conference will be held before me on June 16, 1983 in Courtroom 705 at 9:30 A.M.

So Ordered.