73394. GLASS et al. v. STEWART TITLE GUARANTY COMPANY.
(354 SE2d 187)

POPE, Judge.

Plaintiff/appellee brought this declaratory judgment action to determine its rights and duties under a title insurance binder issued to defendants/appellants. Defendants had called upon plaintiff to defend them in a suit brought against them by one Sherrill Y. Wilson, who asserted that her signature on defendants' warranty deed had been forged. Defendants bring this appeal from the trial court's entry of summary judgment in favor of plaintiff and the denial of their cross-motion for summary judgment.

The trial court found that the following facts were undisputed: "On May 2, 1984, Kristal Johnson and [her sister] Sherrill Wilson purportedly executed a warranty deed for the sale of certain real property located . . . in Atlanta, to defendants Michael Glass and Arthur DeFrancis. A binder for title insurance was issued by plaintiff Stewart Title Guaranty Company at closing, although it was typed and dated May 7, on certain conditions, including the condition that '(W)arranty Deed to be executed Kristal Yvette Wilson Price Johnson and Sherrill Y. Wilson to Michael A. Glass and Arthur DeFrancis.' Before the policy was issued, plaintiff learned that the signature of Sherrill Y. Wilson on the warranty deed was forged. Plaintiff refused to issue the policy and filed this action for declaratory judgment seeking direction from the Court first as to its duty, if any, to issue the policy and second as to its liability, if any, under the policy."

On the basis of the record before it, the trial court concluded that the issue presented was one of construing the contract represented by the binder. The court found that "despite the awkward phrasing, the condition [precedent] of the binder quoted above was intended by the parties to require Johnson and Wilson to execute a warranty deed to

Glass and DeFrancis. Defendants ask the Court to interpret the condition literally and find that the warranty deed signed in the names Kristal Johnson and Sherrill Wilson satisfies the condition. However, the evidence does not support this interpretation and, in fact, defendants' interpretation would invite forgery, which could not have been intended by the parties. The condition, thus interpreted, is unambiguous and as a matter of law was not satisfied. The warranty deed was executed by Kristal Johnson but was not executed by Sherrill Wilson. The condition of the binder not having been met, the policy should not have issued and there is no need to reach the question of liability under the policy."

1. "A contract of title insurance is an agreement whereby the insurer, for a valuable consideration, agrees to indemnify the assured in a specified amount against loss through defects of title to real estate, wherein the latter has an interest, either as purchaser or otherwise. . . ." *Beaullieu v. Atlanta Title &c. Co.*, 60 Ga. App. 400, 404 (4 SE2d 78) (1939); OCGA § 33-7-8. "Nothing else appearing, title insurance operates to protect a purchaser or mortgagee against defects in or encumbrances on title *which are in existence at the time the insured takes his title.* [Cits.]" *National Mtg. Corp. v. American Title Ins. Co.*, 229 N.C. 369, 374 (261 SE2d 844) (1980). Clearly, title insurance presupposes an insurable interest of some kind by the party seeking coverage.

As a condition precedent to coverage in the case at bar, the binder plainly required defendants to obtain a warranty deed in their names and "executed Kristal Yvette Wilson Price Johnson and Sherrill Y. Wilson." Compare *Baker Mtg. Corp. v. Hugenberg*, 145 Ga. App. 528 (1) (244 SE2d 56) (1978), wherein the loan commitment contract did not state explicitly that the borrowers must have fee simple title to the property which was to be the security for the loan. " 'In the case of a condition precedent, the condition must be performed before the contract becomes absolute and obligatory upon the other party. [OCGA § 13-3-4.]' " *State Farm Mut. Auto. Ins. Co. v. Sargent*, 162 Ga. App. 127, 128 (290 SE2d 326) (1982). Notwithstanding the pendency of Sherrill Wilson's suit against defendants to quiet title, the parties here are in apparent agreement that Wilson's signature on the subject warranty deed is, in fact, a forgery. "It has been uniformly established that a forged document is void *ab initio* and constitutes a nullity. . . . [Cits.]" *Wutzke v. Bill Reid Painting Svc.*, 151 Cal. App. 3d 36, 43 (198 Cal. Rptr. 418) (1984); *Luther v. Clay*, 100 Ga. 236 (4) (28 SE 46) (1897). "[T]his is true even where the claimant under the forged instrument had no notice of the forgery and honestly believed that it was valid and genuine. [Cits.]" *Luther v. Clay*, supra at 244. See also *Martin v. Carter*, 400 A2d 326 (7) (D. C. App. 1979), holding that the risk of a forged deed falls on the pur-

chaser.

"An insurance contract that is clear and unambiguous must be enforced by the court as made. [Cit.] The [binder] in this case is unambiguous." *Black v. Pioneer Nat. Title Ins. Co.*, 138 Ga. App. 138, 139 (225 SE2d 689) (1976). Under the circumstances here, the trial court correctly concluded that no genuine issue of material fact existed as to defendants' failure to comply with a condition precedent to coverage under the subject binder. See *First Fin. Savings &c. Assn. v. Title Ins. Co. of Minn.*, 557 FSupp. 654 (9) (N.D. Ga. 1982). We reject as patently absurd defendants' contention that, pursuant to the language of the binder, the parties intended that compliance with the condition precedent in this case could have been accomplished via a forged warranty deed, for in determining the intention of the parties, the "rule is that an intention contrary to the law should not be read into a contract. . . ." *Hartsfield Co. v. Shoaf*, 184 Ga. 378, 381 (191 SE 693) (1937).

2. Under the facts in this case, the mere retention by plaintiff (after becoming aware of the forgery) of the premium paid by defendants for the binder, in and of itself, did not work a waiver or an estoppel precluding plaintiff's assertion of defendants' failure to comply with a condition precedent to coverage under the binder. See *Golden v. Nat. Life &c. Ins. Co.*, 189 Ga. 79 (3) (5 SE2d 198) (1939), and cits. As to recovery of premiums paid, see *Curry v. Washington Nat. Ins. Co.*, 56 Ga. App. 809 (194 SE 825) (1937). The holdings in *State Farm Fire &c. Co. v. Jenkins*, 167 Ga. App. 4 (1) (305 SE2d 801) (1983), and *Loeb v. Nationwide Mut. Fire Ins. Co.*, 162 Ga. App. 561 (292 SE2d 409) (1982), relied upon by defendants in support of this enumeration of error, are thus inapposite.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 17, 1987.

*Brian A. Boyle*, for appellants.
*Robert O. Smith, Arthur L. Myers, Jr., R. Keegan Federal, Jr.*, for appellee.