**UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, Plaintiff–Appellant,**

v.

**WEST POINT CONSTRUCTION COMPANY, INC., Defendant–Appellee.**

No. 87–7160.

United States Court of Appeals, Eleventh Circuit.

Feb. 22, 1988.

M. Clay Ragsdale, IV, Starnes & Atchison, Birmingham, Ala., for plaintiff-appellant.

J. Littleton Glover, Jr., Glover & Davis, Edwin Vickers Gartin, Newnan, Ga., for defendant-appellee.

Before TJOFLAT and ANDERSON, Circuit Judges, and MOORE *, District Judge.

PER CURIAM:

The primary issue on appeal is whether United States Fidelity and Guaranty Company ("USF & G") is bound to submit to arbitration by virtue of the fact that the performance bond which it issued incorporated by reference the underlying subcontract which in turn contained an arbitration clause. The district court held that USF & G was bound to arbitrate. USF & G appeals. We affirm.

West Point Construction Company, Inc., the defendant-appellee, was general contractor to construct the Lee County Justice Center for the Lee County (Alabama) Commission. West Point attempted to institute arbitration proceedings following the default of the subcontractor, Pruett Brothers Paint Contractors (Pruett). The general contract between West Point and the Lee County Commission contained a general arbitration clause. The subcontract between West Point and Pruett set forth its own arbitration provision, and in a separate article modified that provision by reference to the arbitration provisions of the general contract. The performance bond, issued by USF & G as surety to Pruett, incorporated by reference the subcontract.

USF & G opposed arbitration, arguing that an incorporation by reference clause in the bond did not incorporate the arbitration clause in either the subcontract or the general contract.

---

\* Honorable John H. Moore, II, U.S. District Judge for the Middle District of Florida, sitting by designation.

The condition of the USF & G bond was proper performance of the subcontract by Pruett. The subcontract was referred to and made a part of the bond. Disputes arising under the contract, including disputes concerning the adequacy of Pruett's performance, were subject to arbitration pursuant to the arbitration provisions of the subcontract. We conclude that the incorporation of the subcontract into the bond expresses an intention of the parties, including USF & G, to arbitrate disputes. Our conclusion is supported by the strong policy favoring arbitration expressed by Congress in the Federal Arbitration Act.[1] *J.S. & H. Construction Company v. Richmond County Hospital Authority,* 473 F.2d 212, 215 (5th Cir.1973) (taking notice of this Congressional policy favoring arbitration in a context similar to the instant case). *See also Exchange Mutual Insurance Company v. Haskell Company,* 742 F.2d 274 (6th Cir.1984) (same).

Our holding is consistent with *Exchange Mutual,* 742 F.2d 274 (1984), in which the Sixth Circuit held under almost identical circumstances that the surety was bound to arbitrate by virtue of the incorporation into the performance bond of a subcontract which itself incorporated an arbitration clause.

USF & G relies upon several cases which limit or deny the effect of clauses which incorporate a contract or subcontract by reference. *S. Leo Harmonay, Inc. v. Binks Manufacturing Company,* 597 F.Supp. 1014, 1024 (S.D.N.Y.1984); *U.S. Steel v. Turner,* 560 F.Supp. 871, 874 (S.D. N.Y.1983); *Windowmaster Corporation v. B.G. Danis Company,* 511 F.Supp. 157 (S.D.Ohio 1981); *H.W. Caldwell & Son, Inc., et al. v. John H. Moon & Sons, Inc.,* 407 F.2d 21 (5th Cir.1969); *United States v. Cleveland Electric Company of South Carolina,* 373 F.2d 585 (4th Cir.1967).

However, the reasoning underlying most[2] of those cases involved the Miller Act[3], in which the federal government is the contract owner and hence the rights and remedies of the parties are limited under the Act. *See, e.g. Caldwell,* 407 F.2d at 23. The former Fifth Circuit has specifically distinguished such Miller Act cases from cases like the one at bar. In *J.S. & H. Construction Co., v. Richmond County Hosp. Auth.,* 473 F.2d 212 (5th Cir.1973)[4], the general contract between the prime contractor and the owner contained an arbitration clause. The subcontract itself contained no such clause, but it incorporated by reference the provisions of the general contract. In holding that the subcontractor was bound to arbitrate, the former Fifth Circuit explained the "principal basis for skepticism toward incorporation by general reference" of arbitration clauses in Miller Act cases. The skepticism related to the specific protections for subcontractors provided in the Miller Act. Having explained the Miller Act cases as a "special rule or exception", 473 F.2d at 215, the court gave effect to the incorporation by reference and required the subcontractor to arbitrate. For the reasons stated in *J.S. & H. Construction Co.,* we conclude that the Miller Act cases relied upon by USF & G are inapposite.

For the foregoing reasons, we conclude that the performance bond did incorporate by reference the arbitration provisions of the subcontract, and therefore USF & G is required to arbitrate.

All other issues are without merit and warrant no further discussion.

AFFIRMED.

---

1. 9 U.S.C.A. §§ 1–14.

2. *S. Leo Harmonay, Inc.,* 597 F.Supp. 1014, 1024 (S.D.N.Y.1984) and *Windowmaster,* 511 F.Supp. 157 (S.D. Ohio 1981) limit the effect of incorporation by reference clauses without reliance on the Miller Act. We find the reasoning in those cases not to be persuasive, in light of the precedent in this circuit, i.e. *J.S. & H. Construction,*

473 F.2d 212 (5th Cir.1973), and the federal policy favoring arbitration.

3. 40 U.S.C.A. § 270a et seq.

4. This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).