**TRANSAMERICA PREMIER INSURANCE COMPANY, Plaintiff,**

v.

**COLLINS & COMPANY, GENERAL CONTRACTORS, INC., Defendant.**

**No. 1:89–CV–2565–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

April 16, 1990.

DeWitte Thompson, Jr. and David Jason Merbaum, Thompson & Slagle, Norcross, Ga., for plaintiff.

J. Ben Shapiro, Jr. and April Rich, Stockes, Shapiro, Fussell & Wedge, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the court on defendant's Motion for Judgment on the Pleadings. The court GRANTS defendant's motion.

## FACTS

On or about April 10, 1987, defendant Collins & Company, General Contractors, Inc. ("Collins") and Roswell Steel, Inc. ("Roswell") entered into a subcontract (the "subcontract") obligating Roswell to provide and install steel for a project called Office Complex for Booth Development, Hope Road, Fulton County, Georgia (the "project"). The subcontract contains the following arbitration clause:

> All claims, disputes and other matters in question arising out of, or relating to this agreement or the breach thereof ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect, unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

Subcontract at Article XIV.

In connection with the subcontract, plaintiff Transamerica Premier Insurance Company ("Transamerica") issued a perform-

ance bond naming Roswell as principal and Collins as obligee. The bond references the subcontract as follows: "Which subcontract is hereby referred to and made a part hereof."

A dispute arose between Collins and Roswell and the parties initiated arbitration proceedings before the American Arbitration Association. Collins filed a Demand for Arbitration demanding that Transamerica join the arbitration. Transamerica then filed a Complaint for Declaratory Judgment in Cobb County Superior Court, arguing that it was not required to participate in the arbitration and that it should not be bound by its results. At the same time, Transamerica filed for a temporary restraining order, asking the court to stay the arbitration pending the outcome of its declaratory judgment action. On November 10, 1989, Judge Grant Brantley signed a temporary restraining order staying the arbitration proceedings for one month. On November 13, 1989, defendant removed the case to this court.

## DISCUSSION

In pertinent part, Federal Rule of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "For purposes of the court's consideration of the motion, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all of contravening assertions in the movant's pleadings are taken to be false." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368, at 691 (1969). The court may then grant a Rule 12(c) motion only if no material facts remain in dispute and the movant is entitled to judgment as a matter of law. *Id.* at 690.

This case presents no dispute of material fact. Rather, it presents a single question of law: does a performance bond that incorporates by reference a subcontract incorporate an unequivocal arbitration clause contained in that subcontract? The answer to that question is yes.

In *United States Fidelity and Guaranty Co. v. West Point Construction Co.*, 837 F.2d 1507 (11th Cir.1988), the Eleventh Circuit directly faced this issue. United States Fidelity issued a performance bond which referenced an underlying subcontract which in turn contained an arbitration clause. It then sought to avoid arbitration, "arguing that an incorporation by reference clause in the bond did not incorporate the arbitration clause in ... the subcontract." *Id.* The court rejected this argument. It concluded that "the incorporation of the subcontract into the bond expresses an intention of the parties, including [the surety], to arbitrate disputes." *Id.* at 1508. The court noted that its conclusion comported with "the strong policy favoring arbitration expressed by Congress in the Federal Arbitration Act." *Id.*

Transamerica concedes that *United States Fidelity* "is supportive of the Defendant's position." Response to the Defendant's Motion on the Pleadings (hereinafter "Response") at 2. However, it argues that the court should not follow *United ed States Fidelity* because it was apparently decided under Alabama law (the actual opinion is silent on that matter). Admitting that it can find no relevant Georgia cases, Transamerica then urges the court to follow cases from New York, Ohio and South Carolina that appear to run contra to *United States Fidelity*.[1]

The court declines to do so. First, "[a]s a matter of contract law, incorporation by reference is generally effective to accomplish its intended purpose." *Binswanger Glass Co. v. Beers Construction Co.*, 141 Ga.App. 715, 717, 234 S.E.2d 363, 365 (1977). This case presents no reason to deviate from this general rule. Second, the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, will govern the arbitration of the instant dispute. *See* Subcontract at Article XIV. Therefore, "the strong [Congressional] policy favoring arbitration" that the

1. The court notes that the New York case, *Transamerica Ins. Co. v. Yonkers Contracting Co.*, 49 Misc.2d 512, 267 N.Y.S.2d 669 (1966), no longer appears to be an accurate statement of New York law. *See Fidelity and Deposit Co. v.*

*Parsons & Whittemore*, 48 N.Y.2d 127, 421 N.Y. S.2d 869, 397 N.E.2d 380 (1979) (surety bound to arbitrate based on incorporation of subcontract with broad arbitration clause in its performance bond).

Eleventh Circuit relied upon in *United States Fidelity* supports a similar outcome in this case. Third, other federal courts that have addressed this question have agreed that if a performance bond incorporates by reference a subcontract, it incorporates any arbitration provisions contained in that subcontract. *See, e.g., Exchange Mutual Insurance Co. v. Haskell Co.,* 742 F.2d 274, 276 (6th Cir.1984); *J & S. Construction Co. v. Travelers Indemnity Co.,* 520 F.2d 809, 810 (1st Cir.1975); *Cianbro Corp. v. Empresa Nacional De Ingenieria,* 697 F.Supp. 15, 18 (D.Me.1988); *see also J.S. & H. Construction Co. v. Richmond County Hospital Authority,* 473 F.2d 212, 216 (5th Cir.1973) (under Georgia law, subcontract that incorporates by reference a general contract incorporates arbitration provision of general contract).[2] The court will therefore adhere to the sensible rule stated in *United States Fidelity.*

Transamerica also argues that a provision in the bond requiring "any suit" to be brought within two years "is inconsistent with the implication of an agreement to arbitrate and that implication should therefore be rejected." Response at 5. The court disagrees. As Collins' correctly indicates, "suit" is a generic term that does not necessarily exclude arbitration. *See* Black's Law Dictionary 1286 (5th ed. 1979); *see also Henderson v. Henderson,* 152 Ga.App. 846, 264 S.E.2d 299 (1979) (dictionary may supply plain and ordinary meaning of word in contract). The reference to "suit" is thus not inconsistent with an agreement to arbitrate.[3]

## CONCLUSION

The court GRANTS defendant's Motion for Judgment on the Pleadings.

So ORDERED.

---

**2.** Fifth Circuit cases decided before October, 1981 are binding on courts in this circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1210 (11th Cir.1981).

**3.** In addition, the court notes that even if the terms were potentially inconsistent, the law fa-

vors a construction that upholds all parts of a contract over one which creates contradictions and lack of meaning. *See Gray v. Cousins Mortgage and Equity Invs.,* 145 Ga.App. 889, 245 S.E.2d 58 (1978).