Jacob Markowitz, J.
Motion by petitioner— the successor to a surety on a performance bond, obtained by a subcontractor— to stay the arbitration demanded by respondent contractor between said contractor and petitioner’s predecessor. The application does not relate to or affect respondent’s demand for arbitration as against the subcontractor. The performance bond, signed by petitioner’s predecessor, incorporated by reference the agreement between respondent and the subcontractor, which contained an arbitration clause concerning “ [a]ny controversy or claim arising out of, or relating to this sub-contract, or the breach thereof ’ ’. The primary question here is whether a surety on a contract performance bond is obligated to arbitrate its liability thereunder because of the incorporation by reference *513 in the bonding agreement of a subcontract between the surety’s principal and the obligee, containing an arbitration clause.
Initially, it is clear that respondent’s attack upon the timeliness of the instant motion is without merit. Although respondent could have limited the time of petitioner or its successor to move to stay the arbitration (see CPLR 7503, subd. [c]; Langemyr v. Campbell, 23 A D 2d 371), it did not choose to do so. Nor do any general time limitations appear with respect to an application to stay arbitration, except that the moving party must not have participated in the arbitration and must not have made or been served with a motion to compel arbitration and the arbitration proceeding must, of course, still be in progress (see CPLR 7503, subd. [b]). In the situation here presented, no motion to compel arbitration has been made, neither petitioner nor its predecessor has participated in any arbitration proceeding and, in fact, the said proceeding has not even been commenced. Moreover, neither petitioner nor its predecessor has waived any right to bring on the instant application by laches or otherwise since the hearing has been repeatedly adjourned by one party or another for more than a year and since, at this posture of the proceedings, no substantial prejudice can result to respondent from judicial adjudication of the present motion.
Although the subcontract was entered into and accepted in the State of Pennsylvania by the subcontractor, a resident of that State, and although the surety bond was issued in Pennsylvania, no controlling authorities of that State on the question in issue have been cited. Moreover, the subcontract proposed arbitration in New York City and the legal mandates of New York State on the issue involved, if no,t, in fact, decisive, must be, at least, particularly persuasive under the circumstances.
Arbitration cannot be judicially mandated unless by clear and unequivocal language the parties involved have agreed thereto (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132). Nor will an arbitration agreement be extended by construction or by implication (Matter of Riverdale Fabrics Corp. [Tilling-hast-Stiles Co.], 306 N. Y. 288, 289). The surety here was not a party to the original arbitration clause contained in the subcontract. Nor did it evidence any intention thereafter to be included as a party to the said arbitration agreement, or to be bound thereby, merely by executing and signing the performance bond, which contained no provision for arbitration. The fact that the said surety bond incorporated by reference a copy of the subcontract cannot serve to alter the relationships of the original parties to the arbitration agreement or to add a party *514 thereto and .to bind an additional party thereby, which was neither envisioned nor bargained for by the terms of the subcontract or by the intentions of the signatories thereto. The. reference to the .subcontract in the bond establishes the limits of the surety’s obligation and aids in ascertaining the measure of performance required. (See Matter of Ledo Realty Corp. [Continental Cas. Co.], 43 Misc 2d 380; Matter of Fidelity & Cas. Co. of N. 7. [Malan Constr. Corp.], N. Y. L. J., Dec. 18, 1963, p. 10, col. 5 [Sup. Ct., N. Y. County]; Leon D. De Matteis & Sons, Inc. v. Webco Heating & Ventilating Corp., N. Y. L. J., Sept. 13, 1963, p. 15, col. 2 [Sup. Ct., Queens County].) A provision in the bond that the surety was to be bound by the same arbitration as provided for in the agreement between the general contractor and subcontractor could have been specifically included if so intended. However, under the circumstances herein, the demanded arbitration between respondent and petitioner must be stayed because no valid arbitration agreement was made between them. Moreover, no need now appears to determine what defenses, if any, may be available to petitioner when, and if, respondent hereafter brings an action at law against it, following completion of the pending arbitration between respondent and the subcontractor, or the legal or factual sufficiency of any such defenses which may be interposed. The motion is granted.