**WARREN BROTHERS COMPANY, etc.,**
Plaintiff, Appellee,

v.

**CARDI CORPORATION et al.,**
Defendants, Appellants.

No. 72–1262.

United States Court of Appeals,
First Circuit.

Heard Nov. 9, 1972.

Decided Jan. 11, 1973.

Peter Lawson Kennedy, Providence, R. I., with whom Adler, Pollock & Sheehan Inc., Providence, R. I., and John F. Bomster, Philadelphia, Pa., were on brief, for appellants.

Peter F. Davis, Boston, Mass., with whom Davis, Davis, Davis & Levin, Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

McENTEE, Circuit Judge.

This is an appeal from the district court's denial of a motion to stay proceedings in the present action pending arbitration and of a motion for protective order. The case arises from the following facts.

Appellant, Cardi Corporation, contracted with the Commonwealth of Massachusetts for the construction of a highway in the City of New Bedford, and pursuant to Mass.G.L. ch. 149, § 29, furnished a performance and payment bond, with appellant, United States Fidelity and Guaranty Company, as surety. Shortly thereafter, Cardi entered into a subcontract with appellee, Warren Brothers Company, under which the latter was to provide certain materials and perform certain labor in connection with the project. Under Article XX of this subcontract, which is set forth in full in the margin,[1] all disputes concerning questions of fact arising from the agreement or its performance were to be settled by arbitration.

After work on the project had been completed, Warren brought an action on Cardi's payment bond in Massachusetts Superior Court, alleging that Cardi owed approximately $74,000 for work done and materials supplied in performance of the subcontract, and that in addition Warren was entitled to 12% interest on certain periodic payments made tardily or not at all by Cardi. This action was removed to the district court on diversity grounds. The defendants thereupon moved for a protective order preventing Warren from taking the deposition of one of Cardi's officers, and for a stay of proceedings pending arbitration. Defendants appeal from the denial of these motions, and for the reasons set forth below, we reverse the decision of the district court.

We hold at the outset that the court's denial of a stay pending arbitration was, in this action for money damages, an appealable order under 28 U.S.C. § 1292(a)(1). Hilti, Inc. v. Oldach, 392 F.2d 368 (1st Cir. 1968). See Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955); Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935). It is of no importance that the action in the state court was styled a "petition in equity," see Kirschner v. West Co., 300 F.2d 133 (3d Cir. 1962), or that the cause of action was statutory in nature, see Ets-Hokin & Galvan, Inc. v. United States for Use and Benefit of Albert S. Pratt, Inc., 350 F.2d 871 (9th Cir.

---

1. "Except as otherwise provided in this Agreement, any disputes concerning a question of fact arising out of this Agreement or out of the performance of this Agreement which cannot be resolved by the parties shall be decided by arbitration under the provisions of the Prime Contract if it contains an arbitration provision lawful under the laws of the State of Rhode Island or, if none, or if the same does not comply with the laws of the State of Rhode Island, the said dispute shall be decided under the arbitration procedures provided by Title 37, Chapter 16, of the General Laws of Rhode Island, 1956, as amended. Pending final decision of a dispute hereunder, Subcontractor shall proceed diligently with the performance of the Agreement and the work set forth herein unless directed by Contractor to suspend work until a decision is made by the arbitrator. It is agreed that whatever the site of the work, this Article XX shall be construed and administered in compliance with Rhode Island law."

1965); Signal-Stat Corp. v. Local 475, United Electrical Radio and Machine Workers of America, (UE) 235 F.2d 298 (2d Cir. 1956), cert. denied, 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d 1428 (1957).

We also hold, as a preliminary matter, that the motion to stay proceedings was addressed to the inherent power of the district court to control its own docket, *see* Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 81 L.Ed. 153 (1936); Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Comm., 387 F.2d 768, 773 (3d Cir. 1967), and was not made pursuant to § 3 of the United States Arbitration Act, 9 U.S.C. § 3.[2] It follows, therefore, that we must apply state law in deciding whether or not the district court was correct in denying a stay under the facts of this case.[3] *Cf.* Bernhardt v. Polygraph Co. of America, Inc., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956).

The principal question before us concerns the effect of a contractual arbitration clause in an action for labor and materials brought on a statutory payment bond. Appellee argues, *inter alia*, that since the present action was brought on Cardi's bond rather than on the subcontract, the arbitration provisions of that agreement are inapplicable here. It asserts that the policy of the Massachusetts bond statute is to afford subcontractors a cause of action by which their rights may be speedily determined, and

that the submission of its claims to arbitration would be incompatible with that policy. While the Massachusetts statute does evince a concern for expeditious procedures, we are nevertheless unpersuaded by this argument.

Counsel have not cited, and we have not discovered, any Massachusetts cases in point, but there are a number of analogous federal decisions under the Miller Act, 40 U.S.C. §§ 270a–270d. These decisions are, of course, relevant to our determination of what the Massachusetts courts would decide if faced with the issue before us. In Electronic & Missile Facilities, Inc. v. United States for Use of Moseley, 306 F.2d 554 (5th Cir. 1962), rev'd on other grounds sub nom. Mosley v. Electronic Missile Facilities, Inc., 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963), the plaintiff brought an action on a Miller Act payment bond to recover certain sums allegedly owed to him by the defendant. He argued that the Miller Act precluded reference of his claim to arbitration, since that procedure would be in derogation of his right under the Act to bring an action upon the bond and to prosecute the suit to "final execution and judgment." In rejecting this argument, the court stated:

"[T]here is absolutely nothing in the language or legislative history of the Miller Act which indicates that Congress meant to prohibit a laborer or materialman from voluntarily substi-

---

2. A motion to stay pursuant to 9 U.S.C. § 3 may be made only where the contract in question evidences "a transaction involving commerce." Bernhardt v. Polygraph Co. of America, Inc., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956). Since no reference to interstate commerce is made in any of the papers before the court, we must assume that the federal act is inapplicable. *See* Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Comm., *supra*, 387 F.2d at 772.

3. Having reached this conclusion, the question arises as to which state law we are to apply. The arbitration article itself expresses an intent that Rhode Island law should govern, *see* note 1, *supra*, and agreements to arbitrate are enforceable

under the laws of that State. Rhode Island G.L. § 10–3–2. Our inquiry cannot end here, however. While the Massachusetts courts will ordinarily respect a contractual choice of law, Massengale v. Transitron Electronic Corp., 385 F.2d 83, 86–87 (1st Cir. 1967); Maxwell Shapiro Woolen Co., Inc. v. Amerotron Corp., 339 Mass. 252, 257 n. 1, 158 N.E.2d 875 (1959), we are of the opinion that they would not do so if a serious conflict with state policy were to result. *See* Restatement (Second) of Conflict of Laws § 187, comment g at 567–69 (1971). We must therefore consider whether the Massachusetts courts would find arbitration of the present dispute inconsistent with the policies embodied in Mass.G.L. ch. 149, § 29.

tuting the procedure of arbitration for his right to litigate in a federal court. On the other hand, the United States Arbitration Act expressly and unequivocally gave the parties the right to provide for arbitration of all disputes arising under their contracts." *Id.* at 557.

*Accord,* United States for Use and Benefit of Chicago Bridge & Iron Co. v. Ets-Hokin Corp., 397 F.2d 935 (9th Cir. 1968); United States for Use and Benefit of Capolino Sons, Inc. v. Electronic & Missile Facilities, Inc., 364 F.2d 705 (2d Cir. 1966); United States for Use and Benefit of Air-Con, Inc. v. Al-Con Development Corp., 271 F.2d 904 (4th Cir. 1959); United States for Use and Benefit of Frank A. Trucco and Sons Co. v. Bregman Construction Corp., 256 F.2d 851 (7th Cir. 1958).

■ We find this language completely applicable to the comparable Massachusetts statutes before us. While the appellee argues that the Miller Act and Mass.G.L. ch. 149, § 29 "are separate and distinguishable statutes" it makes no attempt to specifically suggest any substantive differences between the two.[4] Indeed, the statutes are closely analogous, as are the provisions of the United States and Massachusetts Arbitration Acts. Both of these latter two statutes establish the validity of contractual arbitration clauses, and provide that actions involving arbitrable issues shall be stayed pending their resolution by arbitration. We find nothing in the language of the Massachusetts Arbitration Act suggesting an intent that it not apply in the area of public construction contracts; the practical effect of our adopting the position urged upon us by the appellee, however, would be to carve out precisely such an exception. Moreover, appellee has not suggested any way in which it would be substantially prejudiced by being required to live up to its arbitration agreement with Cardi. For the above reasons, we find that the Supreme Judicial Court of Massachusetts would follow the line of analogous federal cases under the Miller Act, and hold that a contractual obligation to arbitrate cannot be rendered meaningless by the expedient of bringing suit on a statutory payment bond.[5]

■ The appellee, argues, however, that the decision of the district court may also be sustained on various procedural grounds. First, it is contended that the arbitration clause was not properly put before the district court by appellant's pre-answer motion. It is clear, however, that a request for a stay of proceedings, not being a defense within the meaning of Fed.R.Civ.P. 12(b), may be properly raised by motion. Green v. Gravatt, 35 F.Supp. 491 (W.D.Pa.1940). *Cf.* Evans v. Hudson Coal Co., 165 F.2d 970 (3d Cir. 1948); Butler v. Judge of United States District Court, 116 F.2d 1013 (9th Cir. 1941); Parker v. Transcontinental & Western Air, Inc., 4 F.R. D. 325 (W.D.Mo.1944). To the extent that appellee claims that the arbitration

---

4. As noted above, appellee stresses the fact that plaintiffs under the Massachusetts statute may have their rights determined by accelerated procedures. We see no incompatibility, however, between the process of arbitration and a speedy adjudication of appellee's claims. More importantly, appellee has bargained to have its rights determined by arbitration, and cannot now argue that some other available procedure, albeit statutory, would be more to its advantage.

5. Dolben v. Duncan Construction Co., 276 Mass. 242, 177 N.E. 105 (1931), relied upon by the magistrate in his recommendation to the district court, is not author-

ity to the contrary. In that case the plaintiff, by provision of the subcontract, had waived all statutory liens which might arise to his benefit on the building under construction, the land on which it was situated, and any moneys coming due from the city to the contractor. The court held that the plaintiff did not thereby waive his security for labor and materials under the bond. While *Dolben* thus involved the question of whether a waiver of certain rights would impair a statutory action upon the bond, the instant case concerns the method by which the liability secured by the bond is to be determined. *Dolben* is of doubtful relevance in this latter context.

provision was never brought before the court, we note that the arbitration article was referred to in the motion for stay and that a copy was attached to the motion.

Next, appellee argues that Cardi has failed to establish the existence of a "dispute concerning a question of fact" within the meaning of the arbitration clause, and that the district court was therefore correct in denying its motion for a stay. Pointing to appellant's failure to specify the exact nature of the dispute between the parties, and to certain alleged statements of Cardi's treasurer, appellee contends that there is no genuine dispute of fact involved in this case and that the arbitration clause is therefore inapplicable. We are unable to agree. Appellee asks us, in effect, to consider this motion for a stay pending arbitration in a light similar to that in which we would view a motion for summary judgment. In deciding whether a particular controversy is within the scope of an arbitration clause, however, it is not the function of the court to determine the tenability of the claims presented, or whether the party seeking arbitration will be able to present a meritorious defense. Rather, if the issues presented are on their face referable to arbitration under the parties' agreement, the inquiry of the court is at an end.[6] *Cf.* United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed. 2d 1403 (1960). In the instant case, appellee claims approximately $74,000 in payment for labor and materials furnished in performance of its subcontract with appellant. However insistently appellee may argue that its action is upon the bond, this claim clearly arises out of the performance of its agreement with Cardi, and the dispute between the parties, at least on its face, involves a question of fact—i. e. how much money, if any, is owing to appellee.[7] Under these circumstances, appellant was entitled to have its motion for a stay granted by the district court, without any further showing of the specific matters it may seek to litigate before the arbitrators.[8]

Finally, we reject appellant's contention that the arbitration clause is inapplicable to disputes arising after the completion of work under the contract. We find this interpretation of the contractual language to be wholly unwarranted.

The order of the district court denying the motion for a stay pending arbitration and for a protective order is va-

6. We find the following language from Wilson & Co. v. Fremont Cake & Meal Co., 77 F.Supp. 364, 379 (D.Nebraska 1948), to be instructive:

"Then, it is contended that there is nothing in the case upon which arbitration may be had, that the only possible issue is the amount of damages. The plaintiff may consider—may even know—that contention to be true. But at this point in the pleadings, the court may not assume that it is. It can not yet be known, with assurance, what issues will be raised by the defendant's answer. But even if the plaintiff's theory be factually accurate, and nothing is involved but damages, that question is arbitrable." *See also* Donahue v. Susquehanna Collieries Co., 138 F.2d 3 (3d Cir. 1943).

7. We recognize, of course, the unusually narrow scope of this arbitration agreement, limited as it is to "disputes concerning a question of fact," and appellee's consequent concern lest a stay lead to arbitration of issues not covered by this agreement. We merely find that on its face this is a dispute concerning a question of fact, and hence within the agreement. Nothing we say is intended to limit appellee's right and ability to attempt, by appropriate means, to keep the arbitration within the bounds of the agreement.

8. Metal Polishers, Buffers, Platers & Helpers International Union Local No. 90 v. Rubin, 85 F.Supp. 363 (E.D.Pa.1949) may be read as supporting the view that the party seeking arbitration must make an affirmative showing that the matter in dispute is referable to arbitration under the parties' agreement. That case, however, involved an issue which quite clearly did not come within the terms of the arbitration agreement, and is therefore distinguishable from the case before us.

cated and the cause is remanded to the district court with instructions to grant a stay of all proceedings pending arbitration and, if necessary, a protective order.