**J & S CONSTRUCTION CO., INC.,**
Plaintiff-Appellant,

v.

**TRAVELERS INDEMNITY
COMPANY,**
Defendant-Appellee.

No. 75–1081.

United States Court of Appeals,
First Circuit.

Argued June 2, 1975.

Decided Aug. 8, 1975.

Bernard A. Kansky, Boston, Mass., with whom Hillman & Kansky, Boston, Mass., was on brief, for plaintiff-appellant.

Martin E. Greenblatt, Boston, Mass., with whom Jerry E. Benezra, and Kaplan, Soshnick, Greenblatt & Goodman, Boston, Mass., were on brief, for defendant-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Plaintiff-appellant (subcontractor) challenges the district court ruling staying its court action against the general contractor's surety, pending arbitration between subcontractor and contractor. The defendant-appellee is the performance bond surety of the general contractor. Subcontractor sued directly on the surety bond in district court. The surety answered and filed a claim for jury trial. It also answered interrogatories and permitted the taking of depositions. It filed no counterclaim. Thirteen months after the suit was instituted, the surety sought a stay pending arbitration provided for under the construction contract. The subcontractor charged that the surety, not a party to the construction contract, could not assert any right to insist on arbitration thereunder and that even if it could it had waived any such right by its conduct in this suit.*

The district court ruled that the delay in requesting arbitration and the defensive response to the filed claim did not constitute waiver. This ruling is supported by the record, there having

---

* The subcontractor claims, for the first time on appeal, that a separate suit previously brought by the general contractor against the subcontractor waived the surety's right to seek arbitration here. This claim was not presented to the district court and is not properly before us.

been no showing of prejudice. It is also in accord with the policy favoring arbitration. *Hilti v. Oldach,* 392 F.2d 368, 372 (1st Cir. 1968).

The suit was based on subcontractor's contractual and quasi-contractual rights against the principal. The contract was explicitly incorporated by reference in the surety bond. In *Warren Bros. Co. v. Cardi Corp.,* 471 F.2d 1304 (1st Cir. 1973), an analogous situation, suit was brought on a bond rather than on the subcontract. The plaintiff argued that the arbitration provisions of the subcontract were inapplicable. We ruled that in our view Massachusetts would hold "that a contractual obligation to arbitrate cannot be rendered meaningless by the expedient of bringing suit on a statutory payment bond." *Id.* at 1308. Although both the surety and the contractor were named parties in that suit, we can perceive no policy distinction.

*The District Court decision is affirmed.*