**WINDOWMASTER CORP.**

and

**Safeco Insurance Company of America, Plaintiffs,**

v.

**B. G. DANIS COMPANY, Defendant.**

**No. C–2–80–901.**

United States District Court, S. D. Ohio, E. D.

Jan. 9, 1981.

John J. Petro, Columbus, Ohio, for plaintiffs.

Jon M. Sebaly, Dayton, Ohio, for defendant.

## OPINION AND ORDER

DUNCAN, District Judge.

This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and for injunctive relief, arising out of a construction contract and a performance bond executed in conjunction therewith. The case has been submitted to the Court on a stipulation of facts, accompanying exhibits, and cross-motions for summary judgment.

The parties have stipulated to the following facts, and they shall be accepted as true for the purposes of this case.

1. Plaintiff WindowMaster Corporation (hereinafter WindowMaster), is a corporation organized and existing under the laws of the state of Florida with its principal place of business in the state of Florida.

2. Plaintiff Safeco Insurance Company of America (hereinafter Safeco), is a corporation organized and existing under the laws of the state of Washington with its principal place of business in the state of Washington.

3. Defendant B. G. Danis Company (hereinafter Danis) is a corporation organized and existing under the laws of the state of Ohio with its principal place of business in the state of Ohio.

4. The controversy between the respective parties involves a sum in excess of $10,000 exclusive of costs and interest.

5. On or about August 6, 1973, and again on or about September 3, 1974, WindowMaster as subcontractor, entered into contracts with Danis, as general contractor, by the terms of which WindowMaster was to manufacture and install a curtain wall and a curtain wall system as a part of the "Phase I" construction at Good Samaritan Hospital in Dayton, Ohio. (Exhibits A and B)

6. These contracts incorporate by reference the "conditions of contract, general and supplementary conditions of the contract for construction and special conditions." (Exhibit C)

7. On or about September 18, 1973, Safeco as surety, and WindowMaster as principal, executed and delivered to Danis as obligee, a subcontract bond. (Exhibit D)

8. WindowMaster gave Danis a guarantee on June 2, 1977, with respect to the material and workmanship for the curtain wall and curtain wall system which WindowMaster had, by that time, manufactured and installed as a part of the Phase I construction at Good Samaritan Hospital in Dayton, Ohio. (Exhibit E)

9. On or about August 14, 1980, Danis filed with the American Arbitration Association a demand for arbitration against both WindowMaster and Safeco. (Exhibit F)

The Court further finds the following facts to be undisputed by the parties. The subcontracts between WindowMaster and Danis were entered into in the state of Ohio.

Article XX of the subcontract provides as follows:

In the event of any disagreement arising under this agreement between the parties hereto, such disagreement shall, upon written notice of either party to the other party be referred to arbitration. The arbitration shall be conducted under the provision for arbitration provided in

these specifications. If these specifications do not provide for arbitration provisions the arbitration shall be conducted under the provisions for arbitration of the American Institute of Architects obtaining on the date of this agreement first above written. The subcontractor shall not cause a delay of the subcontractor's work during any arbitration proceedings, except by agreement with the general contractor.

The "provision for arbitration in the specifications" referred to in Article XX, is paragraph "7.10 arbitration" in the general contract between Danis and Good Samaritan Hospital. It provides:

All claims, disputes and other matters in question arising out of, or relating to, this contract or the breach thereof . . . shall be decided by arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final and judgment may be entered on it in accordance with applicable law in any court having jurisdiction thereof.

A dispute arose between contractor Danis and subcontractor WindowMaster concerning an alleged failure by WindowMaster to perform the contract as specified. Danis thereupon filed a demand for arbitration on August 11, 1980, with the American Arbitration Association, naming not only WindowMaster but also Safeco as parties upon whom their demand was made.

On or about September 5, 1980, Safeco made a formal demand upon Danis to be dismissed from the arbitration proceeding contending that it is not subject to the arbitration agreement between the primary parties.

### Discussion of Law

Jurisdiction of this Court is not disputed and is exercised pursuant to 28 U.S.C. § 1332 governing disputes between persons of diverse citizenship.

The contract having been executed and performed in the state of Ohio is governed by Ohio choice of law rules, which provide that Ohio law governs the rights of the parties thereto.

Plaintiffs WindowMaster and Safeco move this Court to enter summary judgment in their favor declaring that Safeco is not a party to any arbitration agreement between WindowMaster and Danis and may not be compelled to arbitrate or participate in any arbitration of disputes between WindowMaster and Danis; and that Danis may not demand or conduct any arbitration proceeding against Safeco in respect to disputes between WindowMaster and Danis or in respect to any claim which Danis may assert against Safeco under the subcontract bond. Plaintiffs' position is that Safeco, not a signatory to either of the two contracts between WindowMaster and Danis, has not agreed to arbitrate any claims by Danis against Safeco arising out of those construction contracts. Accordingly, they argue, Safeco cannot be held to arbitration since there is no agreement in writing for arbitration. Ohio R.C. 2711.03. Plaintiffs do not dispute that WindowMaster is bound to arbitrate, but state that any claim Danis may have against Safeco cannot be presented in such a forum.

Danis insists that Safeco, as a surety of WindowMaster, may be governed by an arbitration clause notwithstanding that it is not a signatory to such a provision.

The subcontract bond binds Safeco as surety and WindowMaster as principal to Danis for the payment of money in the event that WindowMaster fails to fulfill the terms of the subcontract between it and Danis. Danis cites several cases in support of its contention that a surety is bound by an agreement to arbitrate struck by its principal and a third party. *Lumberman's Mutual Casualty Co. v. Borden*, 268 F.Supp. 303 (S.D.N.Y.1967); *Psaty & Fuhrman, Inc. v. Continental Casualty Co.*, 278 A.D. 159, 103 N.Y.S.2d 849 (1951); *Wells Fargo Bank v. London Steam-Ship Owners' Mutual In-*

*surance Association*, 408 F.Supp. 626 (S.D. N.Y.1976).

Neither of the parties has provided the Court with, and the Court in its own research has been unable to discover, any Ohio cases dealing directly with this question. However, it appears that Ohio law supports the plaintiffs' position that a surety is not bound by provisions in a contract it has not signed. See *Transamerica Ins. Co. v. Yonkers Contracting Corp.*, 49 Misc.2d 512, 267 N.Y.S.2d 669 (1966); *Episcopal Housing Corp. v. Federal Ins. Co.*, S.C., 239 S.E.2d 647 (1977); *Fidelity and Deposit Co. v. Parsons & Whittemore Contractors Corp.*, 48 N.Y.2d 127, 421 N.Y.S.2d 869, 397 N.E.2d 280 (1979).

Ohio R.C. 2711.01 et seq., known as the "Ohio Arbitration Act," alters the common law rule on enforceability of contractual arbitration provisions by mandating that they are "valid, irrevocable and enforceable." Like any other contractual provision, however, such a clause can only be enforced against a party to the contract:

[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.

*United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). An agreement to arbitrate must be in writing to be enforceable under Ohio law, since it is, after all, in the nature of a waiver of the right to have one's claims and defenses presented in open court. An arbitration award is in the nature of a final judgment of a court, in that the parties are concluded on all matters submitted by their agreement. This result, however, is because of the prior agreement of the parties, and not because of any judicial character the award may have. 6 O.Jur.3d § 9 *Arbitration and Award, citing Columbus, H. V. & T. R. Co. v. Burke*, 54 Ohio St. 98, 43 N.E. 282.

I believe Ohio courts would apply reasoning parallel to that of the New York State Supreme Court in *Transamerica Ins. Co. v. Yonkers Contracting Co.*, 267 N.Y.S.2d 669 (1966), involving a surety bond which actu-ally incorporated the subcontract by reference:

Arbitration cannot be judicially mandated unless by clear and unequivocal language the parties involved have agreed thereto. Nor will an arbitration agreement be extended by construction or by implication. The surety here was not a party to the original arbitration clause contained in the subcontract. Nor did it evidence any intention thereafter to be included as a party to the said arbitration agreement, or to be bound thereby, merely by executing and signing the performance bond, which contained no provision for arbitration. The fact that the said surety bond incorporated by reference a copy of the subcontract cannot serve to alter the relationships of the original parties to the arbitration agreement or to add a party thereto and to bind an additional party thereby, which was neither envisioned nor bargained for by the terms of the subcontract or by the intentions of the signatories thereto. The reference to the subcontract in the bond establishes the limits of the surety's obligation and aids in ascertaining the measure of performance required. A provision in the bond that the surety was to be bound by the same arbitration as provided for in the agreement between the general contractor and subcontractor could have been specifically included if so intended.

*Id.* at 671 (citations omitted).

The Court is aware that the defendant Danis seeks to compel the participation of Safeco in the arbitration proceedings because Safeco has allegedly refused to be bound by the outcome of these proceedings. It would be unfortunate for the parties to have to litigate their liability in more than one forum. However the surety fares on this claim, the question of the effect of a valid arbitration award between Window-Master and Danis on Safeco is not an issue in this case. Since it may well be bound by an award between the other two, it would certainly seem the better course for it voluntarily to participate in the arbitration.

Nonetheless, the Court cannot say, as a matter of Ohio law, that Safeco is bound to participate on the facts of this case.

Accordingly, the plaintiffs' motion for summary judgment is GRANTED; that of the defendant is DENIED. The Clerk is instructed to enter judgment for the plaintiffs in the following declaration:

Safeco is not a party to any arbitration agreement between WindowMaster and Danis, and Safeco may not be compelled to arbitrate or participate in any arbitration of disputes and disagreements between WindowMaster and Danis.

Danis may not demand or conduct any arbitration proceeding against Safeco in respect to disputes and disagreements between WindowMaster and Danis or in respect to any claim which Danis may assert against Safeco under the subcontract bond.

It is so ORDERED.