**EXCHANGE MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**The HASKELL COMPANY, Defendant-Appellee,**

**Rogersville Paving Company, Inc.; John Mack Pierce; and Mack Slaughter, Defendants.**

**No. 83–5811.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 1984.

Gary S. Rubenstein, argued, Rubenstein, Schulman, LeRoy & Bennett, Nashville, Tenn., for plaintiff-appellant.

Rogers, Towers, Bailey, Jones & Gay, G. Kenneth Norrie, argued, Jacksonville, Fla., James O. Phillips, III, William L. Jenkins, Rogersville, Tenn., for defendant-appellee.

Before KEITH and MARTIN, Circuit Judges, and SWYGERT\*, Senior Circuit Judge.

PER CURIAM:

This is an appeal from a district court ruling which dissolved a temporary restraining order and directed that the action proceed to arbitration. For the reasons set forth below, we affirm the decision of the Honorable Robert Taylor of the United States District Court for the Eastern District of Tennessee.

The appellee, the Haskell Company, entered into an agreement with Mitchell Homes to build a shopping center. Appel-

---

\* Honorable Luther M. Swygert, United States Court of Appeals for the Seventh Circuit, sitting by designation.

lee Haskell was the prime contractor, pursuant to the contract with Mitchell. Haskell subcontracted a portion of the work out to appellee, Rogersville Co. Under the subcontract, Rogersville agreed to install the parking lot for the shopping center. On August 12, 1980, Rogersville obtained a performance bond through appellant, Exchange Mutual Insurance Company. Exchange Mutual, as surety, issued the bond in favor of Haskell, conditioned upon Rogersville performing its obligations under the subcontract. The bond provided that Haskell would be indemnified for any loss it might sustain in the event Rogersville did not perform its obligations under the subcontract.

A dispute arose and Haskell made a claim under the performance bond. Pursuant to its claim, Haskell initiated arbitration proceedings against Exchange Mutual. Exchange Mutual filed a motion to restrain arbitration, which was granted by the Chancery Court. A hearing was held in United States District Court on August 29, 1983 wherein the trial judge dissolved the temporary restraining order and ordered the action to proceed to arbitration. We are in agreement with the district court's order.

The Supreme Court has recently stated that the courts should give broad deference to the enforcement of arbitration clauses.

> Although our holding in [*Prima Paint Corp. v. Flood & Conklin Mfg. Corp.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967]] extended only to the specific issue presented, the Courts of Appeals have since consistently concluded that questions of arbitrability must be addressed with a healthy regard for the federal policy forming arbitration. We agree. The Arbitration Act establishes that as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or alike defense to arbitrability.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (footnote omitted).

The district court found appellant's duty to arbitrate arose from a series of contract agreements between the parties. We agree.

The original arbitration contract between appellee Haskell and the owner of the project, Mitchell Homes provided:

> *All claims, disputes and other matters in question arising out of, or relating to this contract* or the breach thereof, except for claims which have been waived by the making or acceptance of final payment as provided by subparagraphs 8.6.5 and 8.6.6 and which cannot be settled by negotiation between the Contractor and the Owner, *shall be decided in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.* The award rendered by the arbitration shall be final, and judgement [sic] may be entered upon it in accordance with applicable laws to any court having jurisdiction thereof. (emphasis supplied) (J.A. at 37).

The subcontract between the subcontractor Rogersville and the prime contractor Haskell stated that:

> Subcontractor hereby assumes the same obligations and responsibilities with respect to his performance under this Subcontract, that Contractor assumes towards Owner with respect to his performance on the General Contract. If the General Contract, which is hereby incorporated by reference, fails or conflicts with any provision of this Subcontract, or any modification hereof, this Subcontract shall govern. (J.A. at 39).

Finally, the performance bond between Rogersville and Exchange Mutual stated:

> KNOW ALL MEN BY THESE PRESENTS, That Rogersville Paving Company, Inc., ..., as principal and EXCHANGE MUTUAL INSURANCE COMPANY ..., as Surety, are held and firmly bound unto the Haskell Company

..., in the sum of One Hundred Eight Thousand and No/100 ($108,000) Dollars ..., jointly and severally, firmly by these presents.

WHEREAS, The Haskell Company has been awarded a contract (hereinafter called the "Prime Contract"), by THE MITCHELL COMPANY, ... for ROCK-WOOD SHOPPING CENTER, and;

WHEREAS, the principal has entered into a written Subcontract with The Haskell Company, dated 10/8/79 to perform as Subcontractor, certain portions of the work in connection with said Prime Contract, consisting of ... as stated in Subcontract No. 4234–06 ... which Subcontract is hereby referred to and made a part hereof. (J.A. at 42).

Although Exchange Mutual was not a signatory to the primary construction contract, the performance bond incorporated by reference the terms of the underlying subcontract. The subcontract, in turn, incorporated by reference the terms of the primary construction contract which imposed an obligation to submit all unresolved disputes to arbitration.

In *J & S Construction Co. v. Travelers Indemnity Co.*, 520 F.2d 809 (1st Cir.1975), a subcontractor brought suit against a surety on a performance bond. The surety sought a stay pending arbitration over the subcontractor's objection that the surety had no right to seek arbitration because the surety was not a signatory to the contract. The court disagreed and said that the surety could seek arbitration "because the contract was explicitly incorporated by reference in the surety's performance bond". *Id.* at 810.

Although in the case at bar, the surety is not the party seeking arbitration, the same principles apply. Exchange Mutual contends that it cannot be compelled to arbitrate because it was not a signatory to the general contract. Yet as the court said in the *Travelers* case, a party does not have to be a signatory to the contract when the contract is specifically incorporated by reference in the surety bond. Here, the performance bond specifically referred to and incorporated the subcontract. The subcontract provides that the same obligations and responsibilities apply in the subcontract as apply in the general contract. And, finally, the general contract provides that there is a duty to arbitrate. Thus, the performance bond incorporates by reference the subcontract, the subcontract incorporates by reference the general contract and hence the duty to arbitrate.

Exchange Mutual places reliance upon a district court opinion in *Windowmaster v. B.G. Danis Co.*, 511 F.Supp. 157 (S.D.Ohio 1981) to support its position. In *Windowmaster* the court said that the surety could not be compelled to arbitrate because the surety was not a signatory to the general contract. The court proceeded to discuss and rely upon a New York case, *Transamerica Insurance Co. v. Yonkers Contracting Co.*, 49 Misc.2d 512, 267 N.Y.S.2d 669 (1966), which held that even where the surety bond incorporated by reference the subcontract, the surety cannot be compelled to arbitrate. We decline to follow the district court's holding in this case. It no longer appears to be an accurate statement of New York law. In *Fidelity and Deposit Co. v. Parsons & Whittemore*, 48 N.Y.2d 127, 421 N.Y.S.2d 869, 397 N.E.2d 380 (1979), the court held that a surety was committed to arbitration by incorporation in its performance bond of a subcontract containing a broad arbitration clause. The court overruled a case, *Lehman v. Ostrovsky*, 264 N.Y. 130, 190 N.E. 208 (1934), which had stated that clear and unequivocal language must be present before arbitration is mandated. *Lehman* was relied upon in the New York case which the Ohio district court referred to in its opinion in *Windowmaster*. We chose not to follow the *Windowmaster* case. The more sound approach is to allow arbitration where, as here, the performance bond incorporates by reference the obligation to arbitrate.

Accordingly, the opinion and order of the Honorable Robert Taylor of the United States District Court for the Eastern District of Tennessee, is affirmed.