**Lee HOFFMAN, Plaintiff,**

v.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant.**

**Civ. A. No. 89–4405 (JCL).**

United States District Court,
D. New Jersey.

April 9, 1990.

---

Peter Goetz, Goetz, Fitzpatrick & Flynn, New York City, for plaintiff.

Jeffrey S. Wilson, Pecker & Abramson, River Edge, N.J., for defendant.

## OPINION AND ORDER

LIFLAND, District Judge.

### BACKGROUND

Plaintiff Lee Hoffman ("Hoffman") contracted with Albert Garlatti ("Garlatti") on August 15, 1986. Garlatti agreed to construct a warehouse addition for Hoffman. The contract ("Contract") between Hoffman and Garlatti contained the following arbitration clause:

> "8.1.14. *Dispute Resolution.* All claims, disputes and other matters in question between the parties to this Agreement, arising out of or related to this Agreement or the breach thereof, shall be decided by arbitration or litigation, at the election of the owner...."

Defendant Fidelity and Deposit Company of Maryland ("Fidelity") executed and delivered to Hoffman a performance bond (the "Bond"). The Bond incorporated the Contract by reference:

> "Whereas, Contractor has by written agreement dated August 15, 1986, entered into a contract with Owner for construction of Building Addition at the existing facility of Fast Forward, Inc., Oak Glenn Road, Howell, N.J. in accordance with drawings and specifications prepared by M. Israel & Associates 620 Shrewsbury Avenue, Red Bank, New Jersey 07701 **which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.**" (emphasis added)

A dispute has arisen under the Contract. Hoffman claims that the construction was faulty. Pursuant to the above-quoted dispute resolution language, Hoffman served Garlatti with a demand for arbitration. This arbitration proceeding is currently pending before the American Arbitration Association. Hoffman also served a demand for arbitration on Fidelity in which Hoffman asserted a claim under the Bond. Fidelity has refused to participate in the arbitration, arguing that there is no arbitration agreement between Fidelity and Hoffman.

Presently before the court is Fidelity's motion for a declaratory judgment stating that Hoffman's claims against Fidelity on the Bond are not arbitrable. Hoffman has cross-moved pursuant to the Federal Arbitration Act (9 U.S.C. § 4) for partial summary judgment on Count Two of the complaint for an order compelling arbitration of Fidelity's liability under the Bond.

### ISSUES UPON WHICH THE PARTIES AGREE

1. The Contract dispute between Hoffman and Garlatti is properly before the arbitrators pursuant to the dispute resolution section of the Contract.

2. Fidelity will be bound by the decision of the arbitrators on the underlying Contract dispute. Fidelity seeks to exclude from the arbitration process only its defenses to liability on the Bond (e.g. waiver, alteration of risk).

3. There are no questions of fact precluding the entry of summary judgment.

4. The Contract involved interstate commerce.

5. The Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) is applicable.

### ISSUES IN DISPUTE

Fidelity argues that the incorporation by reference was intended only to define the scope of the work to be performed by Garlatti, and not to define the obligation of Fidelity. Fidelity further argues that even if the arbitration clause is incorporated into the Bond, the clause does not apply to Fidelity. Fidelity argues that the language "between the parties to this agreement"

limits the application of the arbitration clause to Hoffman and Garlatti. Hoffman argues that the incorporation by reference of the Contract obligated Fidelity to arbitrate all issues relating to the Bond, including any defenses.

## DISCUSSION

■ In contracts governed by the Federal Arbitration Act, questions as to the construction and enforceability of arbitration agreements are controlled by federal substantive law. *Cost Brothers Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3d Cir.1985).

The Eleventh, Sixth, Fifth, Second and First Circuits, and several district courts, have required sureties to arbitrate issues relating to a performance bond where the performance bond incorporates by reference a contract containing an arbitration clause. *U.S. Fidelity and Guaranty Co. v. West Point Construction Co.*, 837 F.2d 1507, 1508 (11th Cir.1988) (incorporation by reference of a subcontract containing an arbitration clause "expresse[d] an intention of the parties, including [the surety] to arbitrate disputes"); *Exchange Mutual Insurance Co. v. Haskell Co.*, 742 F.2d 274, 276 (6th Cir.1984) ("[A] party does not have to be a signatory to the contract when the contract is specifically incorporated by reference in the surety bond."); *Compania Espanola de Petroleos v. Nereus Shipping*, 527 F.2d 966, 973–74 (2nd Cir.1975); *Cianbro Corp. v. Empresa Nacional de Ingenieria*, 697 F.Supp. 15 (D.Me.1988); *See J & S Construction Co., Inc. v. Travelers Indemnity Co.*, 520 F.2d 809, 810 (1st Cir.1975) (surety permitted to stay litigation pending arbitration because "the contract [containing the arbitration clause] was explicitly incorporated by reference in the surety bond."); *O'Connor and Co. v. Insurance Co. of North America*, 697 F.Supp. 563 (D.Mass.1988) (surety permitted to stay litigation pending arbitration); *Cf. Cost Brother v. Travelers*, 760 F.2d 58 (3d Cir.1985) (because performance bond did not incorporate by reference the contract containing the arbitration clause, the surety was not a party to the arbitration agreement).

In *Exchange Mutual*, the court was required to take the incorporation by reference one step further than is necessary here. The performance bond incorporated by reference the sub-contract, which incorporated by reference the contract, which contained the arbitration clause. The arbitration and the incorporation by reference clauses involved in *Exchange Mutual* were similar to the language involved in the present case:

> All claims, disputes, and other matters in question arising out of, or relating to this contract or the breach thereof ... and which can not be settled by negotiation between the contractor and the owner, shall be [resolved by arbitration]
>
> [the] subcontract is hereby referred to and made a part hereof [the performance bond].

Similarly, in *Cianbro Corp. v. Empresa Nacional De Ingenieria*, 697 F.Supp. 15 (D.Me.1988) the primary contract did not contain an arbitration clause, but the subcontract contained language similar to that involved in the present case:

> All other claims, disputes, and other matters in question arising out of or relating to this Agreement or the breach thereof, if not settled between the parties by agreement shall be decided by arbitration.
>
> [W]hich sub-contract is by reference made a part hereof.

The court held that the surety was bound to arbitrate its liability on the bonds because of the incorporation by reference of the subcontract.

■ Fidelity argues that even if the arbitration clause is incorporated into the Bond, Fidelity is not bound to arbitrate its defenses to liability on the Bond because the arbitration clause, by its terms, applies only to the parties to the Contract.

Fidelity reads the arbitration clause too narrowly. Many of the arbitration clauses in the above-cited cases contain language similar to that contained in this arbitration clause. *See, e.g., Exchange Mutual, supra; Cianbro, supra.* The courts have not construed such references to the par-

ties as limiting the applicability of the arbitration clause to the parties to the main contract.

The court concludes that the Third Circuit would follow the Eleventh, Sixth, Fifth, Second and First Circuits and would require Fidelity to arbitrate its defenses to liability on the Bond. Federal policy favors arbitration and dictates liberal construction of arbitration clauses:

> "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability."

*Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985), *quoting Moses H. Cone Hospital v. Mercury Construction,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983).

Accordingly, the court will grant summary judgment to plaintiff on Count Two of the complaint and on the counterclaim. Count One of the complaint will be dismissed in light of the court's ruling on Count Two. Because the court has concluded that all issues relating to this litigation must be arbitrated, no issues remain before the court. Any post-arbitration remedies sought by the parties will not entail reconsideration of the matters decided herein. Accordingly, the court will not retain jurisdiction pending the completion of arbitration. *Sea–Land Service Inc. v. Sea-land of Puerto Rico,* 636 F.Supp. 750, 757–58 (D.Puerto Rico 1986); *See Moses H. Cone Hospital,* 460 U.S. at 13, 103 S.Ct. at 935–36.

Accordingly,

IT IS on this 6th day of April, 1990 ORDERED that defendant's motion for a declaratory judgment on its counterclaim is denied; and

IT IS FURTHER ORDERED that plaintiff is granted summary judgment on Count Two of the complaint and on the counterclaim; and

IT IS FURTHER ORDERED that the performance bond bearing number 6136628 issued by Fidelity includes by reference and makes a part thereof the contract between the Hoffman and Albert Garlatti Construction Company, referred to in the complaint, including the provisions for arbitration, and Fidelity is bound to said contract, including the provision for arbitration; and

IT IS FURTHER ORDERED that pursuant to 9 U.S.C. § 4, Fidelity shall be and is directed to proceed forthwith to arbitration of all of Hoffman's claims against Fidelity and Fidelity's defenses to those claims pursuant to the aforesaid performance bond in the matter entitled *Lee Hoffman and Albert Garlatti Construction Co. and Fidelity and Deposit Company of Maryland,* Case No. 18 110 0811 89 T, currently pending before the American Arbitration Association at its Regional Office in Somerset, New Jersey; and

IT IS FURTHER ORDERED that Count One of the complaint is dismissed with prejudice.