MASSACHUSETTS ELECTRICAL SYSTEMS, INC. *vs.* R. W. GRANGER & SONS, INC. No. 91-P-625. June 22, 1992. *Arbitration*, Stay of judicial proceedings. *Contract*, Arbitration, Construction contract, Subcontract.

The plaintiff, a subcontractor subject to G. L. c. 149, § 44F, brought an action against the defendant general contractor (Granger) and its surety[1] alleging breach of contract with respect to the construction of a school for the town of Harwich. Granger filed an answer and a motion to stay the action and compel arbitration. This appeal is from the denial of Granger's motion. See G. L. c. 251, § 18. We reverse.

The construction contract between Granger and the town included an arbitration provision,[2] and by virtue of the statutory form of subcontract required by G. L. c. 149, § 44F(4)(c) (1988 ed.), set forth in the margin,[3] the provisions of the contract between Granger and the town were incorporated into the subcontract. See *Exchange Mut. Ins. Co.* v. *Haskell Co.*, 742 F.2d 274, 275 (6th Cir. 1984), and *Maxum Foundations, Inc.* v. *Salus Corp.*, 779 F.2d 974, 979, 980 (4th Cir. 1985), where, on almost identical language, the court held the subcontractor bound by the arbitration clause in the prime contract.

Buttressed by the "strong public policy favoring arbitration as an expe-

---

[1]United States Fidelity and Guaranty Company. The surety is not a party to this appeal.

[2]The "General Conditions of the Contract for Construction" of the American Institute of Architects (AIA), AIA document A201 (1976) was part of the contract. The arbitration provision is § 7.9.1, which in relevant part provides as follows:

"All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, except as provided in Subparagraph 2.2.11 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.9.4 and 9.9.5, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. . . . The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

[3]"(a) The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans; specifications (including all general conditions stated therein) and addenda No. _____, and _____, and _____, and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the _____ (Awarding Authority) hereinafter called the "Awarding Authority," except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.

"(b) The Contractor agrees to be bound to the Subcontractor by the terms of the hereinbefore described documents and to assume to the Subcontractor all the obligations and responsibilities that the Awarding Authority by the terms of the hereinbefore described documents assumes to the Contractor, except to the extent that provisions contained therein are by their terms or by law applicable only to the Awarding Authority."

ditious alternative to litigation for settling commercial disputes," *Danvers v. Wexler Constr. Co.*, 12 Mass. App. Ct. 160, 161, 163 (1981), courts generally hold that where a subcontract (or a performance bond) incorporates the prime contract, the subcontractor (or the surety) is bound by an arbitration clause contained in the prime contract. See, e.g., *Kearsarge Metallurgical Corp.* v. *Peerless Ins. Co.*, 383 Mass 162, 166-167, 170 and 167 n. 8 (1981) (construing New Hampshire law but where there was no specific New Hampshire case on point); *Exchange Mut. Ins. Co.* v. *Haskell Co.*, 742 F.2d at 276; *Maxum Foundations, Inc.* v. *Salus Corp.*, 779 F.2d at 980; *United States Fid. & Guar. Co.* v. *W. Point Constr. Co.*, 837 F.2d 1507, 1508 (11th Cir. 1988); *Thomas O'Connor & Co.* v. *Insurance Co. of N. Am.*, 697 F. Supp. 563 (D. Mass. 1988); *Hoffman* v. *Fidelity & Deposit Co.*, 734 F. Supp. 192, 194-195 (D. N.J. 1990). See also *Uniroyal, Inc.* v. *A. Epstein & Sons*, 428 F.2d 523, 526-527 (7th Cir. 1970); *Compania Espanola de Petroleos* v. *Nereus Shipping*, 527 F.2d 966, 973-74 (2d Cir. 1975), cert. denied, 426 U.S. 936 (1976); Acret, Construction Arbitration Handbook § 5.05 (1985 & 1991 Supp.), and cases cited. The plaintiff has presented no meritorious reason to apply a different rule here.

Accordingly, the parties should have been directed to proceed to arbitration, and the action should have been stayed. See G. L. c. 251, §§ 2(*a*) and 2(*d*); *Danvers* v. *Wexler Constr. Co.*, 12 Mass. App. Ct. at 161-162. The order denying a stay of the action is reversed, and the matter is remanded to the Superior Court for the entry of an order directing the parties to proceed to arbitration.

*So ordered.*

*Charles A. Plunkett* for the defendant.
*Martin Fisch* for the plaintiff.