STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        Docket No. RE-07-92
                                                        TDW-CUM- 9/18/2007

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

SEP 18 2007

RECEIVED

DONALD L. GARBRECHT
LAW LIBRARY

JAN 15 2008

SUZANNE H. STEVENS, et al.,

        Plaintiffs,

        v.                                                      ORDER

JONATHAN D. KNOWLES, et al.,

        Defendants.


Before the court is plaintiffs' motion to disqualify Jensen Baird Gardner & Henry, which is representing party-in-interest Lower Falls Landing Associates LP, from also representing defendant Jonathan D. Knowles in this case. Plaintiffs are not seeking to disqualify Jensen Baird from representing the partnership.

The Law Court's decision in *Casco Northern Bank v. JBI Associates Ltd*, 667 A.2d 856, 859 (Me. 1995), teaches both that doubts should be resolved in favor of disqualification and that disqualification motions are capable of being abused for tactical purposes.

The court has considered the papers filed in support of and in opposition to the motion and the arguments of counsel. On the issue of whether Jensen Baird is disqualified because it represented the partnership while plaintiffs' decedent, Ralph Stevens, was a general partner, the court does not find an adequate basis for disqualification. The court understands that on the transactions which led to this lawsuit, Ralph Stevens (although a general partner of Lower Falls Landing LLP) was represented by separate counsel in his dealings with the partnership and Jensen Baird represented the partnership.

On the issue of control of the partnership, triggered by plaintiffs' recent notice that the Estate of Ralph Stevens is seeking to exercise its right to remove the general partners "for good cause shown," the court also does not find a basis for disqualification. A limited partnership is managed by the general partners. 31-A M.R.S. § 1356. The Estate now acknowledges that upon Ralph Stevens' death it became a limited partner. Therefore, in a dispute between a limited partner and the general partners, the lawyers representing the partnership must take their direction from the general partners.[1] Until and unless the Estate succeeds in its bid to remove the existing general partners, therefore, Jensen Baird is obligated to represent the interests of the partnership as determined by Knowles and the other general partners. Absent a dispute between Knowles and the other general partners, Jensen Baird can represent both Knowles and the partnership.

If the Estate is found to be correct is asserting a right to remove the existing general partners, then Jensen Baird would no longer be able to represent the partnership and Knowles. As a practical matter, however, this issue will not arise because it is highly unlikely that Deborah Delp – if she becomes the new general partner - will continue to employ Jensen Baird as counsel for the partnership.

That leaves only plaintiffs' claim that the existing general partners have violated their fiduciary duty and converted partnership property. In the court's view, this is really a claim that the partnership is entitled to recover damages from defendants Knowles, Tardy, and Fowler. As a legal matter, there is a question whether such claims

---

[1] The plaintiffs have cited Bar opinions on the issue of whether, if a lawyer for the partnership becomes aware of wrongdoing by a general partner, there is an obligation to disclose such wrongdoing to the limited partners. That is not the issue presented here. Jensen Baird is not seeking guidance as to how to proceed if it concludes that the general partners have engaged in wrongdoing. Indeed, Jensen Baird states that it is not aware of any wrongdoing by the general partners.

2

can be brought except in the context of an action for a partnership accounting. *See Dalton v. Austin*, 432 A.2d 774, 778 (Me. 1981). As a practical matter, however, the same claims could be asserted in a partnership accounting and on this issue Knowles's interest is potentially adverse to the partnership. The court concludes that on this issue there is a potential conflict and that, on this issue, Jensen Baird cannot represent Knowles.[2]

This does not mean that Jensen Baird cannot continue to serve as lead counsel for the partnership and cannot continue to oppose plaintiffs to the extent that the management of the partnership remains in the hands of the existing general partners (Knowles, Tarling, and Fowler). It also does not mean that Knowles has to incur vast legal expense in having a separate lawyer play a leading role given the current posture of the case. However, because the interests of the partnership may differ from those of Knowles at some point in this case,[3] he should have separate counsel aboard to protect his interest and Jensen Baird should limit its representation to the partnership – recognizing that at this point Knowles, as a general partner, will continue to direct the partnership and that Jensen Baird's role may remain largely unchanged.

The entry shall be:

Plaintiffs' motion to disqualify is denied in part and granted in part to the extent stated in the foregoing. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[2] It can be argued with some force that Knowles, not plaintiffs, should have the right to decide if he needs separate counsel on this issue. Nevertheless, the relationships in this case are sufficiently complex and the situation sufficiently fluid that the court will direct that Knowles obtain separate counsel on this issue. If, at some future point, Knowles's interests become adverse to those of the partnership, then either Knowles or the partnership could seek to disqualify Jensen Baird because it has represented both parties. Because of this possibility Knowles should have separate counsel.

[3] This problem could arise if, for example, Knowles and the other general partners had opposing positions on some issue arising in the future.

DATED: September 18, 2007

_____
Thomas D. Warren
Justice, Superior Court

GEORGE LINGE ESQ
PO BOX 7329
PORTLAND ME 04112

Fowler & Lower Falls

ie 04112-0287

DAVID MCCONNELL ESQ
PO BOX 426
PORTLAND ME 04112

Lower Falls
Knowles
Tarling
Fowler

DEBORAH MANN ESQ
PO BOX 4510
PORTLAND ME 04112

GLENN ISRAEL ESQ
PO BOX 9729
PORTLAND ME 04104

— Plaintiffs

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-07-92


SUZANNE STEVENS, et al.,

     Plaintiffs,

v.

**ORDER**

JONATHAN D. KNOWLES, et al.,

     Defendants.

Before the court is a motion by defendants to compel arbitration.[1] The major issue presented by the motion to compel arbitration is whether arbitration has been waived by the defendants.

This action was commenced by plaintiffs Suzanne Stevens and Deborah Delp, as personal representatives of the Estate of Ralph Stevens, and by Yankee Marina Inc. on April 4, 2007. The complaint contained six counts and sought the following relief:

- Count One – an order compelling production of partnership books and records;

- Count Two – a declaratory judgment regarding the validity of a right of first refusal claimed by defendants pursuant to a June 3, 1987 Facility Operating Agreement;

- Count Three – monetary damages for alleged breach by defendants of their fiduciary duties as partners of Ralph Stevens;

- Count Four – monetary damages for alleged conversion by defendants of partnership assets;

---

[1] Also pending are a motion by plaintiffs for partial summary judgment, a motion by plaintiffs for a receiver to be appointed, and a motion by plaintiffs to amend their complaint. The motion to compel arbitration is addressed first because if arbitration is ordered, most if not all of the issues raised in the other pending motions would be decided by an arbitrator.

- Count Five – monetary damages for alleged slander of title;

- Count VI – monetary damages for alleged unjust enrichment based on the contention that defendants have wrongfully taken or used partnership property.

At a minimum, Counts I, III, IV, and VI raise issues under the Partnership Agreement that existed between Ralph Stevens and defendants Jonathan Knowles, John Tarling, and John Fowler. That Partnership Agreement contains an arbitration clause which provides as follows:

> Any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in Portland, Maine, in accordance with the rules then obtaining of the American Arbitration Association.

First Amended and Restated Certificate and Agreement of Limited Partnership, Article 12.12.

Counts II and V would appear to raise issues under the Facility Operating Agreement rather than the Partnership Agreement. The Facility Operating Agreement does not contain an arbitration clause.

Defendants Knowles, Tarling and Fowler did not initially demand arbitration of the issues raised in Counts I, III, IV and VI in response to the filing of this complaint. Instead, they filed an answer and counterclaims. The issues raised by defendants' counterclaim did not involve the partnership but instead sought declaratory relief as to the validity of the right of first refusal. In the counterclaim, defendants also asserted two claims of trespass, alleging that the Estate's right to use easement rights under the Facility Operating Agreement had terminated and that the Estate's installment of underground utilities under the former Zapata Fishplant property now owned by the partnership also constituted a trespass.

2

The Estate had originally taken the position that, after the death of Ralph Stevens, it remained a general partner of the partnership. On July 10, 2007, the day before ADR was scheduled in this case, the Estate informed defendants that it now acknowledged that it had become a limited partner upon the death of Ralph Stevens but also advised defendants that it was seeking to invoke a provision of the Partnership Agreement that allowed the limited partners to remove or replace the general partners for "good cause shown."

On July 11, 2007 the scheduled mediation session was held and was unsuccessful.

On July 12, 2007, the defendants sent a letter to plaintiffs' counsel demanding arbitration of the partnership issues pursuant to the Partnership Agreement. On August 6, 2007 defendants followed up their written demand for arbitration with a motion to compel arbitration with respect to Counts I, III, IV, and VI of the complaint and with respect to the two new claims asserted in plaintiffs' proposed amended complaint. Defendants' motion does not seek arbitration of the claims asserted in Counts II and V of the complaint or of the claims asserted in their counterclaim.[2]

After defendants filed their motion to compel arbitration, plaintiffs filed a motion to appoint a receiver for the partnership and defendants have filed a motion to amend their counterclaims, citing new information that allegedly came to light during discovery. The proposed amendments to defendants' counterclaim relate to the right of first refusal in the Facility Operating Agreement and not to the Partnership Agreement.

---

[2] Between the time when defendants sent their letter demanding arbitration and the filing of defendants' motion to compel arbitration, plaintiffs filed two motions. The first was a motion to amend their complaint to add claims (1) that the general partners were subject to removal for good cause, and (2) that restrictions in the Partnership Agreement precluded any exercise of the right of first refusal. The second was a motion for partial summary judgment to enforce the alleged restrictions in the Partnership Agreement.

3

Plaintiffs argue that defendants have waived their right to seek arbitration by not asserting that right in response to the initial complaint, by engaging in limited discovery,[3] by engaging in ADR, by waiting three months after this action commenced to demand arbitration, and by waiting four months after this action commenced to file a motion to compel. Defendants argue in response that they did not initiate this action, that their counterclaims did not involve partnership issues but instead were compulsory counterclaims relating to the right of first refusal and the Facility Operating Agreement, and that they sought arbitration as soon as ADR failed and new partnership claims (in particular, the "good cause" issue) were asserted by the Estate.

The issue of whether a party has waived its right to arbitrate by initiating or participating in litigation involves consideration of a number of factors. In *Saga Communications v. Voornas*, 2000 ME 156 ¶ 11, 756 A.2d 954, 959, the Law Court noted the existence of a strong policy favoring arbitration and observed that waiver of a party's right to arbitrate should not be lightly inferred. It added:

> [T]o find a waiver, there is universal agreement that the party now seeking to compel arbitration must, at the least, have undertaken a course of action inconsistent with its present insistence upon its contractual rights to arbitration . . . . The relevant question is whether the parties have litigated "substantial issues going to the merits" of the arbitratable claims without any indication that, despite the dispute's presence in court, a party intends to exercise its contractual right to arbitration . . . .

Id. ¶ 12 (citations omitted).

In *Saga*, the party seeking arbitration had itself commenced the law suit and had litigated issues going to the merits, including opposing the defendant's motion for summary judgment, without indicating its belief that the dispute should have been in

---

[3] That discovery appears to have involved a subpoena to a third party who had been involved in the underlying negotiations and transactions.

4

another forum. It was only after two motions by the plaintiff for preliminary injunctive relief had been denied that the plaintiff attempted to invoke arbitration. *Id.* ¶¶ 4-6, 15, 756 A.2d at 957, 960. In this case, in contrast, defendants did not institute this action and sought arbitration under the Partnership Agreement before litigating any issues on the merits.[4] This is not a case, like *Saga*, where defendants had received adverse rulings from the court and only then decided to invoke arbitration.

Federal cases have set forth a number of factors relevant to the issue of whether waiver has occurred. *See Creative Solutions Group Inc. v. Pentzer Corp.*, 252 F.3d 28, 32-33 (1st Cir. 2001), citing *Jones Motor Co. Inc. v. Chauffeurs, Teamsters* and *Helpers Local No. 633*, 671 F.2d 38, 44 (1st Cir. 1982). Those factors include whether a party has participated in the lawsuit, whether the litigation machinery has been substantially invoked and the parties are well into preparation of a lawsuit, whether there has been a long delay in seeking arbitration, whether arbitration was only sought on the eve of trial, whether the party has invoked the jurisdiction of the court by filing a counterclaim, whether a party has taken advantage of judicial discovery procedures not available in arbitration, and whether the opposing party was prejudiced by the delay. *Id.*

In this case, looking to the factors in question, arguments can be made in both directions. For example, while plaintiffs note that defendants filed counterclaims, those counterclaim were not on issues subject to arbitration.

One of the most important factors in determining whether a waiver has occurred is whether the opposing party has been prejudiced. Indeed, the First Circuit has stated that in order for a party opposing arbitration to prevail on a claim of waiver, "they must

---

[4] Defendants have responded to plaintiffs' motion for partial summary judgment, filed after defendants had given notice of their demand to arbitrate, but in their opposition defendants raised the argument, *inter alia*, that the issue should be arbitrated.

5

show prejudice." *Creative Solutions Group*, 252 F.3d at 32. In this case, the court is not convinced that plaintiffs have been prejudiced to any significant degree. Before the defendants demanded arbitration, only two motions were filed: a motion for an expedited hearing on plaintiffs' request for partnership books and records and a motion to disqualify counsel for the partnership from also representing defendant Knowles. Defendants responded to the first motion by stating that production of those records was in process.[5] The disqualification motion was litigated, but as defendants point out, that motion needed to be resolved both as to the arbitrable claims and the non-arbitrable claims.[6]

Since defendants made their demand for arbitration, plaintiffs have filed a number of motions but the court cannot find prejudice on that score, as it has been plaintiffs' choice to press on with litigation rather than awaiting a ruling on the motion to compel arbitration.[7] That leaves two possible sources of prejudice.

The first is that the parties have been engaging in discovery that may go beyond that available in arbitration. The court does not see that as cognizable prejudice, however, because any relevant information obtained during discovery will presumably be useful to the ultimate resolution of the dispute. *See Creative Solutions Group*, 252 F.3d at 33 (documents would be necessary regardless of whether the claim was arbitrated or litigated). Nor does defendants' decision not to invoke arbitration until ADR had been

---

[5] Although plaintiffs have contended that there was an unjustified delay by defendants in responding to the request for partnership records, the court has never ruled on this issue.

[6] In the court's view, disqualification motions are more appropriately addressed to courts than to arbitrators in any event.

[7] To the extent there has been some delay in ruling on the motion to compel arbitration, this resulted in part from unsuccessful attempts by the clerk's office to schedule a hearing on the motion. Because a hearing proved impracticable, the court is ruling on the papers submitted without oral argument.

completed constitute prejudice to plaintiffs. If this case could have been resolved short of either arbitration or litigation, that would have been in the interest of all parties.

Plaintiffs' strongest argument for prejudice is that if this case is arbitrated, it will have to be resolved in two forums – the partnership issues in arbitration and the issues relating to the right of first refusal in litigation. Left to its own devices, the court would agree that it would make more sense to resolve all issues in one forum. However, this problem does not result from any delay in invoking arbitration by defendants. Instead, the same problem would have existed if defendant had insisted on arbitration from the outset. Nevertheless, at that point the court would have had no option but to honor the arbitration provision in the Partnership Agreement.

The same issue was present in the *Creative Solutions Group* case, where some but not all claims were subject to arbitration. *See* 252 F.3d at 31. Even though the district court in that case had found that it would be inefficient to submit some claims to arbitration while simultaneously or subsequently litigating other claims that were "far more substantial," the First Circuit found that no prejudice had occurred and that the defendant had not waived arbitration in that case. 252 F.3d at 31, 33. *See also J&S Construction Co. v. Travelers Indemnity Co.*, 520 F.2d 809 (1st Cir. 1975) (thirteen month delay in seeking arbitration accompanied by participation in discovery did not constitute waiver).

Because the motion to compel arbitration is granted, the court will withhold a decision on the other pending motions. The court recognizes that the issues raised in Counts II and V of plaintiffs' original complaint and in defendants' counterclaim remain for decision by the court. However, if plaintiffs are correct that the general partners are subject to removal for good cause and that plaintiff Delp should be substituted as the general partner, the court understands that most if not all of the

7

remaining issues to be litigated would no longer present a live controversy. Accordingly, the court will give all parties 14 days from the date of this order to show cause why the court should not stay this action to await the outcome of arbitration.

The entry shall be:

Defendants' motion to compel arbitration is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     October _16_, 2007

_____

Thomas D. Warren
Justice, Superior Court

DAVID MCCONNELL ESQ
PO BOX 426
PORTLAND ME 04112

*Knowles*
*Tarling*
*Lower Falls*
*Fowler*

DEBORAH MANN ESQ
PO BOX 4510
PORTLAND ME 04112

*Defendant,*
*Knowles, Fowler*
*Tarling, Lower Falls*

GLENN ISRAEL ESQ
PO BOX 9729
PORTLAND ME 04104

*Plaintiff*

erland County
). Box 287
laine 04112-0287

GEORGE LINGE ESQ
PO BOX 7320
PORTLAND ME 04112

*Knowles*
*tarling*
*Fowler*